OPINION
{¶ 1} Appellant, Derek V. Bolling, appeals the September 24, 2001 judgment entry, in which the Lake County Court of Common Pleas convicted and sentenced him for two counts of robbery.
 {¶ 2} On July 2, 2001, the Lake County Grand Jury indicted appellant on two counts of robbery, felonies of the second degree, in violation of R.C. 2911.02(A)(2). On July 6, 2001, he waived his right to be present at the arraignment and entered a plea of not guilty to the charges. Following discovery, on August 22, 2001, appellant appeared in court and entered written and oral pleas of guilty to both robbery charges. The trial court accepted the guilty pleas and referred the matter for a presentence investigation.
 {¶ 3} The record reveals that on June 3, 2001, appellant entered a Dairy Mart in Painesville, Ohio, carrying a screwdriver covered with a cloth to appear as though he had a weapon. Once inside, he demanded money from the clerk. The clerk complied, and appellant exited the store.
 {¶ 4} On June 5, 2001, appellant entered a bar in Painesville, Ohio, again armed with a concealed screwdriver. Once inside, he demanded money from two women behind the counter. They fulfilled the request, and appellant left the bar.
 {¶ 5} The record also demonstrates that appellant had been smoking crack cocaine for over a week before the two robberies occurred. At the plea hearing, appellant claimed that he ran out of money and was desperate to get high. He was unable to get a loan and became desperate so he went to the Dairy Mart and the bar. He stated that the offenses which were committed were out of character and were performed out of desperation because he allowed himself to get hooked on drugs.
 {¶ 6} A sentencing hearing took place on September 19, 2001. In an entry dated September 24, 2001, the trial court ordered that appellant serve a term of six years in prison on both counts. The sentences were to be served concurrently to each other. Appellant was given one hundred five days credit for time already served. The court further notified appellant that post-release control was mandatory up to a maximum of three years, pursuant to the statement contained in the written plea and its judgment entry, but did not include any reference to it in its sentencing colloquy.
 {¶ 7} A little over a year later, appellant filed a motion to pursue a delayed appeal pursuant to App.R. 5(A). This court granted the motion, and appellant now presents the following assignments of error relating to the conviction and sentence that was previously handed down by the trial court:
 {¶ 8} "[1.] The failure to notify appellant that he would be subject to post-release control after release from prison constituted prejudicial and reversible error and requires a new sentencing hearing.
 {¶ 9} "[2.] The trial court erred in its findings relating to the seriousness of the offense and therefore in its decision to imprison [appellant].
 {¶ 10} "[3.] The trial court erred by failing to acknowledge the presumption in favor of imposing the minimum sentence on [appellant], who had not served a prior prison term.
 {¶ 11} "[4.] The trial court erred in making the finding that the imposition of the minimum prison term would not adequately protect the public."
 {¶ 12} Under the first assignment of error, appellant argues that the trial court erred in imposing mandatory post-release control on him in the judgment entry when the court failed to notify him at the sentencing hearing that he would be subject to post-release control upon his release.
 {¶ 13} Appellant was convicted of two counts of robbery, which are both second degree felonies. Post-release control is required for offenders who are imprisoned for first and second degree felonies. Woods v. Telb (2000), 89 Ohio St.3d 504, 508.
 {¶ 14} In the case sub judice, the trial court made reference to post-release control in its judgment entry of sentence, but did not mention post-release control at the sentencing hearing. However, the trial court mentioned the written plea at the sentencing, and appellant answered that he understood it and had gone over it with his attorney. Specifically, the following exchange took place during the change of plea hearing:
 {¶ 15} "THE COURT: I'm going to hand you what is marked a written plea of guilty[.] * * * I want you to read the document, go over it with your attorney if you have any questions you may ask her or you may address the Court. If you wish to change your plea you must sign the document.
 {¶ 16} "MS. DePLEDGE: Your Honor, [appellant] and I have reviewed this document prior to approaching the bench, [appellant] had it in his possession to review it independently of me and then we went over it together. He indicated that he understood this document and that he would sign it at the appropriate time."
 {¶ 17} R.C. 2929.19(B) states, in relevant part:
 {¶ 18} "(3) Subject to division (B)(4) of this section, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:
 {¶ 19} "* * *
 {¶ 20} "(c) Notify the offender that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony of the first degree or second degree * * *."
 {¶ 21} Several courts have ruled that the failure to comply with the mandates of R.C. 2929.19(B)(3)(c) requires remanding the action to the trial court for resentencing. State v. Dothard,
11th Dist. No. 2001-A-0066, 2003-Ohio-600, at ¶ 18; State v.Byler, 5th Dist. No. 01CA30, 2002-Ohio-4055, at ¶ 42-47; Statev. Woods (Mar. 15, 2001), 8th Dist. No. 77713, 2001 WL 259193, at 5.
 {¶ 22} In addition, the Supreme Court of Ohio has held "[p]ursuant to 2967.28(B) and (C), a trial court must inform the defendant at sentencing or at the time of a plea hearing that post-release control is part of the defendant's sentence."Woods, 89 Ohio St.3d at paragraph two of the syllabus.
 {¶ 23} In State v. Moore (Aug. 27, 1998), 8th Dist. No. 73899, 1998 WL 546129, at 1, the Eighth Appellate District held that a trial court is not required to inform an accused during the Crim.R. 11 colloquy as to any possible outcomes that may arise from a guilty plea that do not have an effect on the sentence at the time the plea was entered, such as an increased prison sentence for a violation of a post-release control provision. However, R.C. 2929.19(B)(3)(c) and (e) require the trial court to "notify" an offender who is being sentenced to a first or second degree felony that a period of post-release control will be imposed upon the offender's release from prison and that, for a violation of a post-release control provision, the parole board may impose a prison term of up to one-half of the prison term originally imposed on the offender as part of the sentence. R.C. 2943.032 further states that the trial court "shall inform the defendant personally" regarding these enhanced penalties should the offender violate the conditions of a post-release control sanction.
 {¶ 24} In Dothard, this court reversed the decision of the trial court and remanded the matter for resentencing because the trial court did not mention post-release control at the sentencing hearing nor did it make reference to post-release control in its judgment entry in compliance with the mandates of R.C. 2929.19(B)(3)(c).
 {¶ 25} In the instant matter, appellant's signature appears on the written plea of guilty in which he was personally informed that he "will have up to 3 * * * years of post-release control. If [he violates] post-release control, [he] could be returned to prison for up to another nine months for each violation, for a total of 50% of [his] original stated prison term." The failure of the trial court to not personally inform appellant of these penalties at the plea hearing or the sentencing hearing, however, only results in a failure to notify appellant about a nonconstitutional right. Therefore, we must review the totality of the circumstances to determine whether the trial court substantially complied with the mandate of Crim.R. 11 and the resulting prejudice, if any, from the trial court's colloquy with appellant.
 {¶ 26} Here, the totality of the circumstances indicate that appellant was informed in writing that he would be subject to post-release control and about the penalties for violating a post-release control. In addition to his attorney's response, appellant also acknowledged, at his change of plea hearing, that he had read and understood the form submitted to him. However, the trial court never personally informed appellant at the plea or sentencing hearing that post-release control was part of his sentence pursuant to R.C. 2967.28(B) and (C). Therefore, even though the trial court substantially complied with Crim.R. 11, it did not comply with the R.C. 2929.19(B)(3)(c) and R.C. 2967.28(B) and (C). Since the trial court did not notify appellant as to the post-release control at the plea or sentencing hearing, the matter must be remanded to the trial court for resentencing. Consequently, appellant's first assignment of error has merit.
 {¶ 27} In the second assignment of error, appellant posits that the trial court erred in its finding regarding the seriousness of the offenses and, as a result, in its decision to impose terms of imprisonment.
 {¶ 28} Initially, we note that both counts of robbery to which appellant pled guilty were felonies of the second degree and were subject to a presumption in favor of prison under R.C.2929.13(D).
 {¶ 29} R.C. 2929.13(D) provides that a trial court may impose community control sanctions in lieu of a prison term if: (1) community control sanctions would adequately punish the offender and protect the public from future crime because the factors of R.C. 2929.12, indicating a lesser likelihood of recidivism, outweigh the factors indicating a greater likelihood of recidivism and (2) community control sanctions would not demean the seriousness of the offense because the factors of R.C.2929.12, indicating the offender's conduct was less serious, outweigh the factors indicating the conduct was more serious.
 {¶ 30} At the sentencing hearing, there was evidence before the trial court to demonstrate the applicable factors under R.C.2929.12 regarding recidivism and seriousness. The trial judge stated that:
 {¶ 31} "* * * The last case you had you were given a significant opportunity to straighten this, your life out, you had two felonies, one felony of the second degree, you were charged with two but you pleaded to one and you were put on probation and your probation officer says you did well on probation, you went through all the treatment programs and you had all the tools and knowledge that you needed to stay away from drugs and shortly after you got off probation you went right back to drugs again. There is nothing that we can do for you * * *. [Y]ou have to decide what you want out of life and then you have to go do it.
 {¶ 32} "The Court is required to make findings and the Court finds under R.C. 2929.12(B) that the victims in this case suffered psychological and economic harm. That this was an intentional act on your part in that you observed the place before you attempted the robbery."
 {¶ 33} The trial court further indicated that "[u]nder2929.12(D) you committed this offense while you were on community controlled sanctions for domestic violence, you have a history of criminal convictions or delinquency adjudications, that you have not responded favorably to previously imposed sanctions, that you have an alcohol or drug abuse problem and that you, you have, though you went through treatment as I said that treatment didn't make an effect on you and you disregarded everything that you had learned. Therefore, under those conditions the Court finds that you have no genuine remorse."
 {¶ 34} In addition, the trial court found that:
 {¶ 35} "Under 2929.13(B)(1) * * * [there] was an attempt to cause harm to another person. There was no weapon involved, however, you did make it appear as if there were a weapon and the victims in the case felt that you did have a weapon and responded accordingly. That you committed this offense while you were under community control sanctions and after weighing the seriousness and recidivism factors prison is consistent with the purpose and principles of sentencing and that you are not amenable to any available community sanction.
 {¶ 36} "The Court further finds that the minimum sentence in this case would demean the seriousness of the offense and would not adequately protect the public."
 {¶ 37} Based on the foregoing colloquy, it is our view that the trial court balanced the seriousness and recidivism factors of R.C. 2929.12 and the purposes of sentencing under R.C.2929.11. There was ample evidence to demonstrate that appellant had committed offenses in the past and that he had not responded to sanctions previously imposed on him. There was also sufficient evidence that appellant's conduct was more serious than less serious because he committed the robberies on two different days, and they involved separate victims. Furthermore, appellant entered the establishments with a screwdriver that was hidden under a cloth, which appeared as a weapon and scared the victims. Accordingly, the trial court did not err in its decision to impose imprisonment upon appellant. Appellant's second assignment of error is without merit.
 {¶ 38} For the third assignment of error, appellant alleges that the trial court erred in sentencing him to more that the minimum sentence because he had not previously served a prison term.
 {¶ 39} Under R.C. 2953.08, our review of a felony sentence is de novo. State v. Raphael (Mar. 24, 2000), 11th Dist. No. 98-L-262, 2000 WL 306776, at 2. However, this court will not disturb appellant's sentence unless we find, by clear and convincing evidence, that the record does not support the sentence or that the sentence is otherwise contrary to law.State v. Thomas (July 16, 1999), 11th Dist. No. 98-L-074, 1999 WL 535272, at 4. Clear and convincing evidence is that evidence which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Id.
 {¶ 40} R.C. 2929.14(B) directs the sentencing court to impose the minimum sentence for first-time imprisonment unless it specifies on the record that the shortest prison term would demean the seriousness of the conduct or would not adequately protect the public from future crime by the offender. State v.Bradford (June 2, 2001), 11th Dist. No. 2000-L-103, 2001 WL 589271, at 2. However, in interpreting this requirement, the Supreme Court of Ohio has held:
 {¶ 41} "R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence." (Emphasis sic.) State v. Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110, syllabus.
 {¶ 42} According to Edmonson, a trial court is not required to give its reasons underlying its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crime before the court can lawfully impose more than the minimum authorized sentence. Bradford at 3. Rather, when sentencing a person to first-time imprisonment, the trial court "must note that it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons" set forth in R.C.2929.14(B). Edmonson at 326. The Supreme Court of Ohio has held that "when imposing a nonminimum sentence on a first offender, a trial court is required to make its statutorily sanctioned findings at the sentencing hearing." State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, paragraph two of the syllabus.
 {¶ 43} Here, the trial court made the findings under R.C.2929.14(B). The trial judge stated at the sentencing hearing why he believed more than the minimum prison term was necessary. Specifically, the trial court stated that it "finds that the minimum sentence in this case would demean the seriousness of the offense and would not adequately protect the public." After reviewing the record, the trial court properly followed R.C.2929.14(B) and the holdings of this court in sentencing appellant to a term longer than the minimum. It is our view that the trial court made the requisite finding that the minimum sentence would demean the seriousness of the offense. Because the trial court properly put forth its reasons for the given sentence on the record at the sentencing hearing as required, appellant's third assignment of error has no merit.
 {¶ 44} In appellant's fourth and final assignment of error, he asserts that the trial court erred in determining that the minimum sentence would not adequately protect the public.
 {¶ 45} Pursuant to R.C. 2929.14(B):
 {¶ 46} "if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 {¶ 47} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 48} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conductor will not adequately protect the public from future crime by the offender or others." (Emphasis added.)
 {¶ 49} In the case at bar, the trial court determined that the shortest term of imprisonment would demean the seriousness of the conduct and would not adequately protect the public from future crime by appellant. The trial court is only required to note that it varied from the minimum for one of the two sanctioned reasons set forth in R.C. 2929.14(B). At the sentencing hearing, there was ample evidence as to the reasons why the shortest prison term would demean the seriousness of the offense. Therefore, the trial court was not required to provide reasons why the shortest term of imprisonment would not adequately protect the public from future crime by appellant. Appellant's fourth assignment of error is not well-founded.
 {¶ 50} For the foregoing reasons, appellant's first assignment of error has merit. Appellant's second, third, and fourth assignments of error are not well-taken. The judgment of the Lake County Court of Common Pleas is affirmed in part, reversed in part, and remanded to the trial court for resentencing.
Christley, J., O'Neill, J., concur.