DECISION AND JUDGMENT ENTRY
{¶ 1} James Hofmann appeals his sentence from Erie County Court of Common Pleas. Although the sentencing court made appropriate findings to support the sentence and granted appellant his right of allocution, it erred in notifying appellant through the sentencing judgment entry that post-release control was discretionary. We, therefore, reverse and remand for resentencing.
 Background {¶ 2} Hofmann pled guilty to two counts of gross sexual imposition, violations of R.C. 2907.05(A)(4), felonies of the third degree. On August 1, 2002, the trial court imposed a three-year sentence on each count to be served concurrently. Hofmann appealed his sentence, and this court reversed because the trial court had failed to make the necessary R.C. 2929.14(B) findings at the sentencing hearing as required by State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165. Hofmann was resentenced on October 28, 2003 before a new visiting judge.[1] The sentencing court resentenced him to two, three-year concurrent terms. Hofmann appeals again.
 Assignments of Error {¶ 3} "1. The trial court erred in sentencing a sixty-eight (68) year old first time offender to more than the minimum sentence for committing a third degree felony.
 {¶ 4} "2. The trial court erred in failing to permit allocution by appellant prior to sentencing.
 {¶ 5} "3. The trial court erred in failing to advise appellant of the possibility of post-release control being imposed on him."
 First Assignment of Error — Sentence Hearing Procedure and Length of Sentence. {¶ 6} Hofmann's first assignment of error contends that the sentencing court erred when it sentenced him to more than the minimum sentence because he was a first time offender. An appellate court may not disturb an imposed sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C.2953.08(G)(2). Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 7} When sentencing a defendant, R.C. 2929.11(A) requires that the trial court be guided by "the overriding purposes of felony sentencing," which are to protect the public from future crime and to punish the offender. Pursuant to R.C. 2929.11(B), the trial court must impose a sentence "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses by similar offenders." Unless a mandatory prison term is required, the trial court has discretion to determine the most effective way of achieving those purposes and principles, but the court must consider factors set forth in subdivisions (B), (C), (D) and (E) of R.C. 2929.12. These factors relate to the seriousness of the offense and the likelihood that the offender will commit future crimes. The trial court also may consider additional factors that it finds relevant to achieving the R.C. 2929.11 purposes and principles of sentencing. R.C.2929.12(A).
 {¶ 8} Hofmann was convicted of two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), felonies of the third degree. Pursuant to R.C. 2929.14(A)(3), the prison term range for a third-degree felony is one, two, three, four, or five years. The sentencing guidelines in R.C. 2929.13(C), however, do not provide a presumption in favor of either a prison sentence or a community control sentence for third-degree felonies. The trial court maintains discretion with the provision that the appropriate findings are made.
 {¶ 9} In this assignment of error, Hofmann argues that the sentencing court (1) failed to conduct a sentencing de novo after remand; (2) failed to make findings as to the allegations contained in the presentence investigation report that the defense objected to; (3) erred by imposing more than the minimum sentence; (4) failed to impose a sentence which was consistent with similar offenses by similar offenders; (5) imposed a sentence that was an unnecessary burden on the state; and (6) failed to consider factors under R.C. 2929.12.
 Sentencing De Novo {¶ 10} Hofmann argues that the sentencing court failed to conduct a de novo sentencing hearing upon remand from this court. When a case is remanded for resentencing, the trial court must conduct a complete sentencing hearing and must approach resentencing as an independent proceeding complete with all applicable procedures. State v. Bolton (2001),143 Ohio App.3d 185,188-189. See, also, State v. Steimle, 8th Dist. Nos. 79154 and
 {¶ 11} 79155, 2002-Ohio-2238, at ¶ 14; R.C. 2929.19(A)(1). InSteimle, the court explained that upon resentencing: "The defendant and the victim(s) are allowed to present information, a defendant has a right to speak prior to imposition of sentence, and a judge is required to consider the record, any information presented, any presentence report, and any victim impact statement before imposing sentence. A defendant also is entitled to notice of his right to appeal, to have a lawyer appointed if he is indigent, and must be notified that post-release control is part of his sentence, if, in fact, it is to be part of his sentence." Steimle, supra. at ¶ 16. [Citations omitted.]
 {¶ 12} Hofmann contends that statements made by the sentencing court indicate it was merely adopting the findings of the previous sentencing without engaging in an independent fact analysis. These statements, however, occur late in the hearing and were after Hofmann, his attorney, and his wife were all allowed to speak. A review of the entire sentencing transcript reveals the court did conduct a new sentencing hearing and approached the resentencing as an independent proceeding. The sentencing court explained at one point "This court is only here to determine whether the sentencing was proper and how the sentencing should be carried out." In overruling one of the defense objections, it further indicated "I am making an analysis as to why I am arriving at the sentencing —." Finally, right before imposing Hofmann's sentence the court stated:
 {¶ 13} "Now the Court — this Court does have the right to review because you, in your arguments, you were making arguments on behalf of the Defendant why the Court should consider what kind of sentence to impose, and you were just saying things that you should be saying on behalf of your client to call to the Court's attention.
 {¶ 14} "The prosecutor was given an opportunity to indicate what he thinks the sentencing should have been and why he thinks it should have been that, and those were the things that the Court took copious notes, reviewed them after you made your argument, and then came to its conclusion."
 {¶ 15} We, therefore, conclude that the sentencing court did conduct a de novo sentencing hearing.
 Objection to the Presentence Investigation Report {¶ 16} Hofmann argues that the sentencing court erred when it considered portions of the presentence investigation report that he objected to. R.C. 2951.03(B)(5) provides:
 {¶ 17} "If the comments of the defendant or the defendant's counsel, the testimony they introduce, or any of the other information they introduce alleges any factual inaccuracy in the presentence investigation report or the summary of the report, the court shall do either of the following with respect to each alleged factual inaccuracy:
 {¶ 18} "(a) Make a finding as to the allegation;
 {¶ 19} "(b) Make a determination that no finding is necessary with respect to the allegation, because the factual matter will not be taken into account in the sentencing of the defendant."
 {¶ 20} Hofmann relies on State v. Jackson (Mar. 30, 2001), 6th Dist. No. E-00-023. In that case, the appellant informed the court that the presentence investigation report contained three errors regarding his criminal record. Although the appellant had failed to present evidence to substantiate his claim, this court found that the trial court had an obligation under R.C.2951.03(B)(5) to investigate the issue and determine whether there were errors or whether the accuracy of the report was relevant to the sentencing hearing. Because the trial court relied in part on the appellant's criminal record to determine the appropriate sentence without addressing the factual accuracy of the presentence investigation report, this court reversed and remanded for resentencing.
 {¶ 21} In this case, Hofmann's attorney objected to the allegations in the presentence investigation report that there was sexual contact or sexual conduct between Hofmann and the victim approximately 20 to 40 times over a nine month period. Hofmann argues that it was improper for the sentencing court to consider these allegations because they were never charged, proven, or admitted and because they could not have occurred since his wife was home almost every time the victim came to visit. He also disputes the allegation of physical harm to the victim because there was no proof that the victim contracted herpes from him.[2] Essentially, Hofmann was contesting the victim's version of events, as set forth in the police report which was attached to the presentence investigation report.
 {¶ 22} Although the sentencing court did not expressly say, "I make the following finding," it did overrule Hofmann's objections to the presentence investigation report on two separate occasions. When defense counsel argued that it was improper for the sentencing court to rely on the allegations in the report, the court denied that contention and explained: "Now, let me point out that when — in your argument you made it very clear that you objected to the PSI report, but in that report was the statement of the child. The statement of the child. I have heard the statements of the Defendant's wife today, I will soon hear the statement of the Defendant momentarily, and I'm certainly not going to ignore a statement of a 10 year old child as to how this all transpired." It is clear that the sentencing court understood that Hofmann disputed the presentence investigation report, but that it chose to credit the victim's version of the events. Therefore, there was no error.
 More than the Minimum Sentence on a First Time Offender and R.C. 2929.12 Factors {¶ 23} R.C. 2929.14(B) states that if an offender has not served a previous prison term, the trial court shall impose the minimum prison term unless it finds on the record that the minimum would "demean the seriousness of the offender's conduct" or "not adequately protect the public from future crime by the offender or others." Hofmann has never served a prison term. Therefore, we must determine whether the sentencing court made the appropriate findings to impose a prison sentence that exceeds the one year minimum.
 {¶ 24} A review of the transcript reveals that the sentencing court properly complied with the statutory requirements for imposing more than the minimum sentence. Specifically, the court found that the minimum sentence would "demean the seriousness of the offender's conduct and [would] not adequately protect the public from future crimes by the offender of others."
 {¶ 25} Hofmann argues that the record is insufficient to justify more than a minimum prison term sentence and contends that the court failed to consider the factors under R.C. 2929.12. "R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crime before it can lawfully impose more than the minimum authorized sentence." State v.Edmonson (1999), 86 Ohio St.3d 324, 326. When the factors under R.C. 2929.12 are considered, however, the record shows that Hofmann, a 67 year old man at the time of the offenses, committed acts of gross sexual imposition on a 10 year old boy with the cognitive impairments of Asperger's Syndrome. Hofmann's relationship with the victim facilitated the offenses, and the victim was extremely distraught and upset when relaying what "Uncle Jim" had done to him. Hofmann also had two previous DUI convictions. The court could have found that Hofmann's conduct was more serious based on findings under R.C. 2929.12(B)(1) that the physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim; 2929.12(B)(2) — the victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense; and 2929.12(B)(6) — the offender's relationship with the victim facilitated the offense. We, therefore, conclude that the court did not err in sentencing Hofmann to more than the minimum sentence.
 Sentence Inconsistent with Similar Offenses by Similar Offenders {¶ 26} Hofmann argues that his sentence of three years imprisonment on two counts of gross sexual imposition is inconsistent with similar offenses by similar offenders. R.C.2929.11(B) provides: "A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." The party which is claiming an inconsistency bears the burden of proving the inconsistency by providing the court with sentences imposed for similar crimes by similar offenders which validate the claim of inconsistency. State v. Hanson
(Mar. 22, 2002), 6th Dist. No. L-01-1217; State v. Agner, 3d Dist. No. 8-02-28, 2003-Ohio-5458, at ¶ 13.
 {¶ 27} Hofmann presented one case, State v. Ohly, Erie County Court of Common Pleas Case No. 2002-CR-287, to show that Hofmann should have received the minimum sentence or community control. Ohly received five years of community control sanctions after pleading guilty to two counts of gross sexual imposition. Without more cases, we are unable to accurately determine whether Hofmann's sentence or Ohly's sentence may be inconsistent with similar crimes committed by similar offenders. Our own research within the district indicates that defendants charged with violating R.C. 2907.05(A)(4) have received anywhere from four years of community control to five years of imprisonment. Hofmann has failed to show by clear and convincing evidence that his sentence is inconsistent with similar crimes by similar offenders.
 Unnecessary Burden on the State {¶ 28} Hofmann also contends that his sentence imposes an unnecessary burden on the state. R.C. 2929.13(A) provides in pertinent part: "(A) Except as provided in division (E), (F), or (G) of this section and unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in sections 2929.14 to 2929.18 of the Revised Code. The sentence shall not impose an unnecessary burden on state or local government resources." The statute, however, does not provide any guidance as to what constitutes an "unnecessary burden." See State v. Fryman, 5th Dist. No. 04-COA-013, 2004-Ohio-4639, at ¶ 10.
 {¶ 29} Hofmann argues he made the court aware of significant medical problems he has and submitted articles which indicated that the state was in a budget crisis and does not have resources to meet the medical needs of its inmates. His main concern was the possibility that he may have testicular cancer. He did not, however, submit any medical records to substantiate his problems.[3] R.C. 2953.08(G)(2) states that this court can only modify or reverse the sentence if it clearly and convincingly finds that the sentence is contrary to law. The sentencing court found that there was no evidence that Hofmann had cancer based on two ultrasounds he received while in prison which did not indicate cancer. We, therefore, conclude that Hofmann has not established by clear and convincing evidence that his sentence would impose an unnecessary burden on state or local government.
 {¶ 30} Hofmann's first assignment of error is not well-taken.
 Second Assignment of Error — Allocution at Sentencing Hearing {¶ 31} In his second assignment of error, Hofmann argues that the sentencing court denied him his right of allocution and determined his sentence before permitting him to speak. Crim.R. 32(A)(1) states that when imposing sentence, the trial court shall "[a]fford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wished to make a statement in his or her own behalf or present any information in mitigation of punishment." The Ohio Supreme Court has interpreted this provision to confer an absolute right of allocution. State v. Green (2000),90 Ohio St.3d 352, 358; State v. Campbell (2000), 90 Ohio St.3d 320,324-325. "A Crim.R. 32 inquiry is much more than an empty ritual: it represents a defendant's last opportunity to plead his case or express remorse." Green, supra at 359-360. If the trial court fails to offer a defendant the right to allocute, the remedy is a remand for resentencing. Hamilton v. Brown (1981),1 Ohio App.3d 165, 168.
 {¶ 32} Although the right of allocution is absolute, it is not unlimited. State v. Smith (Nov. 8, 1995), 2d Dist. No. 94-CA-86. Crim.R. 32(A)(1) prescribes that it be a
 {¶ 33} statement or presentation in "mitigation of punishment." Id. "The purpose of allocution is to allow the defendant an additional opportunity to state any further information which the judge may take into consideration when determining the sentence to be imposed." Defiance v. Cannon
(1990), 70 Ohio App.3d 821, 828. A trial court can limit a defendant's allocution if it concerns extraneous matters unrelated to the sentence and is not about mitigation. As Judge Brogan stated in Smith, "the right of allocution does not provide an accused with the opportunity to vent his spleen with some superfluous diatribe." Smith, supra.
 {¶ 34} Here, Hofmann argues that, although advising him that he could make a statement, the sentencing court interrupted the allocution and ultimately refused to allow him to complete his statement, thereby essentially denying him his right. The transcript reveals that Hofmann was permitted to give a lengthy statement that covered a number of topics, including his regret for the pain caused to his family, his medical problems and depression, his service in the community, and how the victim started asking him questions about sex.[4] After Hofmann accused the Huron Police Department of not doing its job and being biased against him, the sentencing court did interrupt him and told Hofmann that his guilt was not at issue. When Hofmann again tried to talk about the police's manipulation of the victim, the court stated it had heard from Hofmann and was ready to impose the sentence. We conclude that the sentencing court did not err when it terminated Hofmann's allocution. Hofmann's accusations concerning the police were irrelevant to the appropriate sentence to be imposed. He had the opportunity to allocute.
 {¶ 35} Hofmann also argues that the sentencing court determined his sentence before he was allowed to speak. The basis for this contention is the court's statement "The Court is going through what is [sic] evaluated as for the reason for its sentencing" and how it explained its findings before addressing Hofmann. The transcript in its entirety shows that the court was reviewing the record, making findings regarding the defense's objections to the presentence investigation report and addressing statements from Hofmann's wife. The court also recited the principles and purposes of sentencing and this court's previous decision. When this recitation began, the prosecutor interrupted and asked if the sentencing court was going to hear from Hofmann. The court replied, "I will get to that when we get to the sentencing." After finishing its summary, the sentencing court invited Hofmann to make a statement. Hofmann began his allocution by inquiring whether he was going to get a new hearing "right from scratch." The court responded that the resentencing was not a mere technicality and that it would impose the sentence it felt was warranted. Therefore, it does not appear that the sentencing court determined Hofmann's sentence before allowing him to speak on his own behalf. Hofmann's second assignment of error is not well-taken.
 Third Assignment of Error — Post-release Control Advisory {¶ 36} In the third assignment of error, Hofmann contends that the sentencing court failed to advise him of the possibility of post-release control. R.C. 2967.28(B) provides:
 {¶ 37} "(B) Each sentence to a prison term for a felony of the first degree, for a felony of the second degree, for a felony sex offense, or for a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened to cause physical harm to a person shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment. Unless reduced by the parole board pursuant to division (D) of this section when authorized under that division, a period of postrelease control required by this division for an offender shall be one of the following periods:
 {¶ 38} "(1) For a felony of the first degree or for a felonysex offense, five years;
 {¶ 39} "(2) For a felony of the second degree that is not a felony sex offense, three years;
 {¶ 40} "(3) For a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened physical harm to a person, three years." (Emphasis added.)
 {¶ 41} Hofmann was sentenced for a felony sex offense and, therefore, faced a mandatory five years of post-release control. Although Hofmann was informed that he would be subject to post-release control at his plea hearing in May 2002, he was not advised of the mandatory post-release control condition at his resentencing hearing in October 2003. If we assume that a resentencing hearing mirrors an original sentencing hearing, R.C.2929.19(B)(3)(c) requires this notification.[5] See Statev. Peacock, 11th Dist. No. 2002-L-115, 2003-Ohio-6772, at ¶ 34. Moreover, Hofmann's October 2003 sentencing entry incorrectly implies that post-release control in this case was discretionary.[6] Due to the mandatory nature of five years of post-release control in this case and the lack of notice that Hofmann faced mandatory post-release control, the sentence was statutorily incorrect. Several courts have ruled that the failure to comply with the mandates of R.C. 2929.19(B)(3)(c) requires remanding the action to the trial court for resentencing. Statev. Bolling, 11th Dist. No. 2002-L-154, 2004-Ohio-2785, at ¶ 21 citing State v. Dothard, 11th Dist. No. 2001-A-0066, 2003-Ohio-600, at ¶ 18; State v. Byler, 5th Dist. No. 01CA30, 2002-Ohio-4055, at ¶ 42-47; State v. Woods (Mar. 15, 2001), 8th Dist. No. 77713. We, therefore, vacate the sentence and remand the matter for resentencing. Hofmann's third assignment of error is well-taken.
 Conclusion {¶ 42} Although the sentencing court properly sentenced appellant to more than the minimum and did not infringe on his right of allocution, it erred when advising appellant in the judgment entry that post-release control was discretionary. The judgment of the Erie County Court of Common Pleas is affirmed in part and reversed in part and remanded for resentencing. Pursuant to App.R. 24, costs of this appeal are assessed equally to appellant and appellee.
Judgment affirmed in part and reversed in part.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Pietrykowski, J., Lanzinger, J., concur.
[1] The original judge recused himself and a new visiting judge was appointed.
[2] Hofmann insinuates that the victim's older brother may be the one responsible. He contends that the brother had been caught engaging in improper sexual conduct in the presence of the victim and other children and had left pornography on the family computer.
[3] Hofmann's counsel blamed the state for not releasing Hofmann's medical records.
[4] According to the sentencing court, Hofmann spoke for over ten minutes at the sentencing hearing.
[5] R.C. 2929.19(B)(3) provides in pertinent part "* * * if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following: * * * (c) Notify the offender that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced * * * for a felony sex offense * * *."
[6] R.C. 2929.19(B)(3) requires three different post-release control notifications (1) whether the post-release control is mandatory [R.C. 2929.19(B)(3)(c)]; (2) whether it is discretionary [R.C. 2929.19(B)(3)(d)]; and (3) what happens if an offender violates postrelease control [R.C. 2929.19(B)(3)(e)].
In this case, the judgment entry states "After prison release, if post-release control is imposed, for violating post-release control conditions, the Adult Parole Authority or Parole Board may impose a more restrictive or longer control sanction, return defendant to prison for up to nine months for each violation, up to a maximum of 50% of the stated terms. If the violation is a new felony, defendant may receive a new prison term of the greater of one year or the time remaining on post-release control." Although this advisory arguably satisfies the notice required by R.C. 2929.19(B)(3)(e), the judgment entry does not explicitly state that Hofmann received five years of mandatory post-release control, thus giving the impression that such monitoring was a matter of discretion.