{¶ 52} I respectfully dissent.
 {¶ 53} While I understand the majority's concern, my reading of the transcript reveals no error when considering the trial court's statements within the context of the sentencing proceeding.
 {¶ 54} As the majority correctly notes, "[a]t the hearing appellant's counsel argued that Foster was unconstitutional and requested a sentence lighter than that which was originally imposed." Appellant's argument was based upon the proposition *Page 10 
that the Ohio Supreme Court's holding in Foster violated the Ex Post Facto clauses of the United States and Ohio Constitutions, an argument that has been repeatedly considered and rejected by this and other courts. See, e.g., State v. Johnson, 11th Dist. No. 2006-L-259,2007-Ohio-5783, at ¶¶ 90-92; State v. Elswick, 11th Dist. No. 2006-L-075,2006-Ohio-7011, at ¶ 30; State v. Asbury, 11th Dist. No. 2006-L-097,2007-Ohio-1073, at ¶ 15; State v. Anderson, 11th Dist. No. 2006-L-142,2007-Ohio-1062, at ¶ 15; State v. Spicuzza, 11th Dist. No. 2006-L-141,2007-Ohio-1783, at ¶¶ 13-35, and the cases cited therein. The trial court's "comments" were made in response to appellant's argument.
 {¶ 55} As stated by this court, "[an] appellant [is] not per se entitled to the minimum sentence * * *. `Foster did not hold that a defendant is entitled to receive the shortest sentence authorized under Ohio law.' * * * Rather, `post-Foster, a sentencing court is free to impose any sentence from the statutory range of punishment. The court is not required to impose the shortest authorized sentence.'"Johnson, 2007-Ohio-5783, at ¶ 92, quoting State v. Lewis, 10th Dist. No. 06AP-327, 2006-Ohio-2752, at ¶ 7.
 {¶ 56} I also agree with the majority that "any case that is remanded for `resentencing' anticipates a sentencing hearing de novo." State v.Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, at ¶ 37. Ohio's sentencing statutes require that "[the] court shall hold a sentencing hearing before imposing a sentence under this chapter upon an offender who was convicted of or pleaded guilty to a felony and before resentencing an offender who was convicted of or pleaded guilty to a felony and whose case was remanded * * *." R.C. 2929.19(A). *Page 11 
 {¶ 57} However, R.C. 2929.19(A), merely "requires a judge to hold a new sentencing hearing, including all applicable procedures, whenever a sentence is remanded." State v. Steimle, 8th Dist. Nos. 79154 and 79155, 2002-Ohio-2238, at ¶ 16 (emphasis added). Thus, a de novo sentencing proceeding contemplates only the following:
 {¶ 58} "The defendant and the victim(s) are allowed to present information, a defendant has a right to speak prior to the imposition of sentence, and a judge is required to consider the record, any information presented, any presentence report, and any victim impact statement before imposing sentence. A defendant also is entitled to notice of his right to appeal, to have a lawyer appointed if he is indigent, and must be notified that post-release control is part of his sentence, if, in fact, it is to be part of his sentence." Id.; see also,State v. Hofmann, 6th Dist. No. E-03-057, 2004-Ohio-6655, at
 {¶ 59} While it is clear Gaston had pled guilty to the charges, rather than go to trial, his attorney was given the opportunity to speak. He argued that a lesser sentence was warranted, based upon "some of the things * * * [presented] in the memorandum."
 {¶ 60} A review of the statements made by Gaston's attorney reveal that they were not so much statements in mitigation as they were an attempt by Gaston's attorney to try the case, based upon "things [he had] looked over since [his] representation of [Gaston]," including a comparison of Gaston's actions to those of his co-defendants. Gaston's counsel argued that the court's prior imposition of a greater sentence than Gaston's co-defendants was not warranted, based upon alleged facts, *Page 12 
independent investigations, and statements of witnesses which were never subject to adversarial proceedings.
 {¶ 61} Even considering these statements, it is well-settled that "there is no requirement that co-defendants receive equal sentences."State v. Torres, 11th Dist. No. 2006-L-116, 2007-Ohio-3023, at ¶ 33, citing State v. Rupert, 11th Dist. No. 2003-L-154, 2005-Ohio-1098, at ¶ 11.
 {¶ 62} The record reveals that the prosecution was also allowed to present arguments in response to those made by Gaston's counsel, and that Gaston was allowed to make statements on his own behalf prior to the imposition of his sentence.
 {¶ 63} After each party was given an opportunity to speak, the court indicated, for the record, that it had considered "the statements of counsel, the briefs of counsel, the previous probation report, [and] the statements of the defendant * * *," prior to imposing Gaston's new sentence. Since the requirements of R.C. 2929.19 areprocedural, and were indisputably complied with by the trial court, Gaston's sentencing cannot be "contrary to law" as the majority claims. See Hofmann, 2004-Ohio-6655, at ¶¶ 11-12; State v. Bennett, 3rd Dist. No. 5-2000-05, 2000-Ohio-1888, 2000 Ohio App. LEXIS 2713, at *9-10;State v. Ober (Oct. 10, 1997), 2nd Dist. No. 97 CA 0019, 1997 Ohio App. LEXIS 4544, at *7; cf. State v. Bolton (2001), 143 Ohio App.3d 185,187-188 (overturning appellant's sentence on the basis of a lack of a de novo sentencing hearing where the trial court solely relied upon "the terms to which [it] had previously sentenced the defendant," and neither appellant, his counsel, nor the prosecutor were given an opportunity to speak at the hearing). *Page 13 
 {¶ 64} After Foster, a sentencing court, upon remand for resentencing, possesses "full discretion to impose a prison sentence within thestatutory range * * *." Foster, 2006-Ohio-856, at ¶ 100, accordMathis, 2006-Ohio-855, at paragraph three of the syllabus. By imposing an identical sentence as previously imposed, while following the dictates of R.C. 2929.19, the court was acting within its sound discretion.
 {¶ 65} For the foregoing reasons, the judgment of the trial court should be affirmed. *Page 1