[Cite as *State v. Brockington*, 2019-Ohio-1812.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                      Court of Appeals No. S-18-035

       Appellee                                   Trial Court No. 18 CR 111

v.

Devon Brockington                            **DECISION AND JUDGMENT**

       Appellant                                  Decided:  May 10, 2019

* * * * *

Timothy Braun, Sandusky County Prosecuting Attorney, and
Mark E. Mulligan, Assistant Prosecuting Attorney, for appellee.

Sara J. Sherick, for appellant.

* * * * *

**{¶ 1} OSOWIK, J.**

This is an appeal from a judgment of the Sandusky County Court of Common

Pleas which, following a guilty plea, found appellant guilty of one count of possession of

cocaine and sentenced him to a prison term of nine months.  For the reasons set forth

below, this court affirms the judgment of the trial court.

{¶ 2} On February 2, 2018, appellant Devon Brockington was indicted by a Sandusky County Grand Jury on one count of possession of cocaine, a violation of R.C. 2925.11(A)(C)(4)(a), a felony of the fifth degree. On April 19, 2017, appellant possessed at the intersection of County Roads 160 and 220 in Sandusky County 0.112 grams of cocaine and then concealed the cocaine in his pants when he knew an investigation was in progress.

{¶ 3} Appellant originally pled not guilty. After a period of discovery and pre-trial hearings, on June 6, 2018, appellant changed his plea to guilty to possession of cocaine, a violation of R.C. 2925.11(A)(C)(4)(a), a felony of the fifth degree. In exchange for that plea, appellee dismissed the other count. Sentencing was delayed until July 20, 2018, because appellant was incarcerated in the Seneca County Jail for violating, with this felony, his postrelease control sanction on another criminal case from 2015. Prior to accepting appellant's guilty plea, the trial court notified appellant of the following:

> Court: Okay. You're on Post Release Control, Mr. Brockington, and you know that being convicted of a Felony 1 (sic) while you're on Post Release Control, the Court will sentence you to an additional term of imprisonment of one year. You understand that?
>
> Defendant: Yes, sir.

{¶ 4} The trial court sentenced appellant to a nine-month prison term plus, for the Seneca County matter, terminated his postrelease control and ordered 320 days in prison

2.

consecutive to the nine-month prison term. The sentencing judgment entry was journalized on July 23, 2018.

{¶ 5} It is from the trial court's July 23, 2018 journalized sentencing judgment entry which appellant timely filed his appeal setting forth one assignment of error:

> I. The trial failed to comply with Criminal Rule 32 when sentencing Appellant by denying Appellant the right of allocution.

{¶ 6} In support of his sole assignment of error, appellant argued the trial court erred at the time of sentencing by failing to afford appellant's attorney adequate time to speak on his behalf. Appellant argued there clearly was confusion regarding all aspects of his sentence, particularly the portion involving the Seneca County matter. "By not allowing sufficient time for counsel to respond, the Court effectively omitted a review of the issue, involving a separate County (Seneca) and a separate Court where the defendant was represented by a different attorney * * *." However, "Appellant concedes that both he and his counsel were afforded the opportunity to speak in open court on his behalf * * *."

{¶ 7} In response, appellee argued the trial court did not err. Appellee argued the trial court clearly complied with Crim.R. 32 during the sentencing hearing because the trial court invited appellant's attorney and appellant to speak during the sentencing hearing, and both did. "The record shows * * * that the Defendant and his attorney were able to make uninterrupted mitigating statements to the trial court prior to the sentence being imposed." Appellee further argued the trial court explained the nine-month

3.

sentence and the 320-day postrelease control sentence twice, and "the Defendant and his counsel advised the trial court twice that they understood the sentence imposed."

{¶ 8} This court has determined Crim.R. 32(A)(1) requires the trial court to directly, personally, and clearly ask the defendant if he wishes to exercise his right of allocution. *State v. Reese*, 6th Dist. Lucas No. L-17-1132, 2018-Ohio-2981, ¶ 37. Crim.R. 32(A)(1) states, "Imposition of sentence. * * * At the time of sentence, the court shall * * * (1) Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment."

{¶ 9} The allocution requirement is fulfilled when it is clear from the circumstances the court indicated to the defendant the right to make a statement prior to imposition of the sentence. *Reese* at ¶ 37. Crim.R. 32(A)(1) does not impose any greater burden on the court other than to afford the defendant the opportunity to address the court. *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 203.

{¶ 10} Resentencing will not be required if the trial court's allocution error was invited error or harmless error. *State v. Campbell*, 90 Ohio St.3d 320, 738 N.E.2d 1178 (2000), paragraph three of the syllabus. The invited error doctrine holds a defendant may not take advantage of a trial court's error which the defendant invited or induced. *Id.* at 324. Harmless error is not an error resulting in prejudice affecting the defendant's substantial rights. *Id.* at 325-326; Crim.R. 52(A). The defendant has the burden of

4.

showing prejudice from the trial court's allocution error in order to compel resentencing. *State v. Reynolds*, 80 Ohio St.3d 670, 684, 687 N.E.2d 1358 (1998).

{¶ 11} "Although the right of allocution is absolute, it is not unlimited. * * * A trial court can limit a defendant's allocution if it concerns extraneous matters unrelated to the sentence and is not about mitigation." *State v. Hofmann*, 6th Dist. Erie No. E-03-057, 2004-Ohio-6655, ¶ 32-33. Interruptions by the trial court during the allocution process do not necessarily result in prejudicial error requiring reversal. *Id.* at ¶ 34*; State v. Turner*, 7th Dist. Mahoning No. 17 MA 0155, 2019-Ohio-934, ¶ 33-35; *State v. Cline*, 8th Dist. Cuyahoga No. 102573, 2015-Ohio-4085, ¶ 13-15.

{¶ 12} After a trial court fulfills its duty to inquire if the defendant wishes to exercise the right of allocution, the defendant can waive that right. *Campbell* at 325. Even if the defendant then addresses the trial court, the defendant waives the right of allocution if the defendant's statement does not bear upon the sentence or have any mitigative weight, and the trial court does not err by so limiting the defendant. *Beasley* at ¶ 204. Specifically, "renewed challenges to the adjudication of guilt are not a proper part of allocution." *Id.* In addition, "'the right of allocution does not provide an accused with the opportunity to vent his spleen with some superfluous diatribe.'" *Hofmann* at ¶ 33, quoting *State v. Smith*, 2d Dist. Greene No. 94-CA-86, 1995 Ohio App. LEXIS 4960, *9 (Nov. 8, 1995).

{¶ 13} The record contains appellant's sentencing hearing transcript from July 20, 2018. After the trial court confirmed there was no presentence investigation report, the

5.

parties stipulated appellant had 232 days remaining on postrelease control in Seneca County for another criminal matter. The trial court then clearly and unambiguously provided appellant's counsel and appellant his right of allocution prior to sentencing.

Court: So we're here to sentence him on the single count, F5, with the Post Release Control sanction?

Ms. Klucas: Correct.

Court: Okay. Attorney Dorobek, is there anything you'd like to say before the Court imposes sentence?

Mr. Dorobek: Yes, Your Honor. On behalf of Mr. Brockington, he acknowledges his prior criminal record. He's taken responsibility for this offense. He acknowledges that he was on * * * Post Release Control. He made a terrible * * * misjudgment * * * in regard to the present offense. It was a small amount of cocaine, Your Honor. He has five children; four of which he shares custody. He was taking care of them in the afternoons. He was employed while he was out on Post-Release. I don't believe he has any holders for child support obligations, but there were periods when he was successful. His experience with incarceration is that he's * * * only getting incarcerated. He's never gotten any sort of treatment for his issues. It * * * was * * * a possession offense, not a trafficking offense, * * * and he maintains that * * * he does have a drug dependency issue * * * and he

understands that he has to face these consequences for this offense, but all he's asking for is a little mercy from the Court.

Court: Okay. Mr. Brockington, anything you'd like to say?

Defendant: Yeah, I just want to have the Court realize I accept possibility (sic) for my action * * * and I accept any punishment you give me today.

Court: Quite an attitude change from the previously (sic), don't you think?

Defendant: Excuse me?

Court: Quite an attitude change from previously.

Defendant: Oh, yeah.

{¶ 14} The trial court then proceeded to announce its sentencing determination.

Court: Mr. Brockington, you know I got to send you to prison on the PRC anyway, and so there's no sense in not imposing a prison sentence on the underlying offense. I could impose up to 12 months. I'm going to impose nine months on the underlying offense. That's going to be consecutive to the time that you're spending on Post Release Control. I've done the math and from June 6th, I'm coming up with an additional 44 days. The * * * date that we got the 232 is June 6th, so I come up with additional 44 days, and so it is going to be, (brief pause), 188 days to be

served on Post Release Control in addition to the 180 days that I'm sentencing you to on the underlying violation for the possession of cocaine.

{¶ 15} The trial court then proceeded to notify appellant of how he arrived at the overall calculation of the prison term in the sentence.

Court: On the underlying offense, you would be entitled to Judicial Release, but * * * I'm assuming that won't be until after you serve the time on Post Release Control first. You * * * know what Post Release Control is now obviously –

Defendant: Yes, Your Honor.

Court: -- if you hadn't before. So even after you serve this entire sentence, you could be placed on Post Release Control for a period of three years, and if you violate Post Release Control, you know that * * * for a violation, you could receive a sentence of up to nine months for each violation up to one-half of the Court's original sentence, and if the violation is a felony, as you know very well in this case, it's one year, right, the greater of one year or the time remaining on Post Release Control, so * * * it would be a one year sentence for the Post Release Control less * * * 4 days, minus the 44 that you'd served, is 320 days on Post Release Control. I apologize. The underlying PRC is * * * the greater of one year or whatever times remaining on your Post Release Control, and, unfortunately,

8.

for you in this circumstance, one year is the greater of the two. I come up with 320. Attorney Dorobek, do you agree with that?

Mr. Dorobek: Your Honor, I don't – if he's entitled to some sort of credit for whatever he's been sit (sic.) –

Court: Okay. So it will be a total of nine months in this case, plus 320 days on the Post Release Control violation. If you * * * violate Post Release Control again, you understand what the consequences are, correct, Mr. Brockton?

Defendant: Yes, sir.

{¶ 16} The trial court then proceeded to notify appellant of restrictions on firearm ownership, use or possession, DNA specimen requirements, rights to appeal, imposition of court costs, and suspension of driving privileges. The trial court continued to offer clarity regarding the sentence being imposed on appellant.

Court: I'll be happy to work with you on getting you some privileges for the things that you need, but you've got to show me that you can be sober first. Got it?

Defendant: Yes, sir.

(BRIEF PAUSE).

Court: Attorney Dorobek, anything else?

Mr. Dorobek: I don't believe so, Your Honor.

Court: Do you want me to explain the PRC over again?  * * * I'm going to explain the PRC to you again, even though you got to know what it means by now, 'cause you've been through it.

Defendant:  Yes, but I don't believe that it – are you imposing it consecutive or just –

Court:  I'm imposing it consecutive.

Defendant:  Okay.  That's what I don't understand.

Court:  Okay.

Defendant:  So on an F5, I'm doing almost two years?

Court:  On this F5 –

Defendant:  That's where it's at.

Court:  -- you're doing nine months.

Defendant:  Okay.

Court:  The other charge is –

Defendant:  PRC –

Court:  -- from the Post Release Control.

Defendant:  But –

Court:  And –

Defendant:  -- but –

Court:  -- and the statute says the greater of one year –

Defendant:  Yeah.

Court: -- or the time remaining on your Post Release Control.

Defendant: Okay, my time is running low now, and I spoke to my APA officer –

Court: Yeah.

Defendant: -- and he told me that – that it will be running, so –

Court: Yeah, I'm giving you credit for the time you've been in – my letter from the Department of Rehabilitations & Corrections – actually, the Prosecutor provided to me says as of June 6th you had * * * 232 days remaining on Post Release Control. Got it?

Defendant: Yeah.

Court: Now, if that's less than a year, then the violation or Post Release Control is one year – whatever the greater is of one year or 232 days.

Defendant: Okay.

Court: In this case, it's one year. I can't change the law.

Defendant: Yeah.

Court: I'm giving you credit for the time that you've * * * served in * * * Seneca County jail against the Post Release Control, and I calculated that to be 44 days. Follow me?

Defendant: Yes, sir.

Court: Okay. Any other questions?

(BRIEF PAUSE).

Court:  Attorney Dorobek, any other questions?

Mr. Dorobek:  I don't have any other that that (sic) would be –

Court: Mr. Brockington, anything else?

Defendant:  No.

{¶ 17} Even if the trial court's words "Anything you'd like to say?" and "Anything else?" did not specifically parrot the language of Crim.R. 32(A) for a "statement * * * in mitigation of punishment," the exact language was not required in order for the court's invitation to comply with Crim.R. 32(A).  *State v. Belew*, 6th Dist. Lucas No. L-11-1279, 2013-Ohio-1078, ¶ 30.

{¶ 18} In its sentencing judgment entry journalized on July 23, 2018, the trial court confirmed appellant was present on July 20, 2018, in open court with his attorney, and prior to determining his sentence, "Counsel for the defendant and the defendant were given the opportunity to address the Court in mitigation of punishment."  The judgment entry also states:

It is therefore ordered, adjudged and decreed that the defendant be, and hereby is, sentenced to the control, care and custody of the Ohio Department of Rehabilitation and Corrections for a term of nine months. The Court terminates post release control in 15CR23 in Seneca County, Ohio and orders the defendant to serve 320 days in prison consecutive to the prison term imposed herein pursuant to R.C. 2929.141.

12.

{¶ 19} The postrelease control prison term calculation employed by the trial court and for which appellant sought clarification was pursuant to R.C. 2929.141(A)(1), which states:

> Upon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, the court may terminate the term of post-release control, and the court may do either of the following regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control: (1) In addition to any prison term for the new felony, impose a prison term for the post-release control violation. The maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board as a post-release control sanction. A prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. The imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony.

{¶ 20} We reviewed the record for appellant's sentencing hearing and find the trial court fulfilled its duty under Crim.R. 32(A)(1).  The trial court clearly and

unambiguously provided appellant's counsel and appellant his right of allocution prior to sentencing. The sentencing hearing transcript showed no interruptions occurred during the allocution phase of the hearing. The minor interruptions, which mutually occurred between the court and the appellant, during the hearing were not related to any information to mitigate appellant's punishment. Rather, we find the interruptions were exclusively related to how the trial court calculated the prison term, i.e., the "math," for appellant's violation of a postrelease control sanction in the Seneca County matter, which was to be served prior to the nine-month sentence imposed in the underlying offense in this matter. We find appellant was not prejudiced by any interruptions by the trial court occurring during the July 20, 2018, sentencing hearing.

{¶ 21} Appellant's sole assignment of error is not well-taken.

{¶ 22} On consideration whereof, we find that substantial justice has been done in this matter. The judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                              _____

                                                              JUDGE

Arlene Singer, J.

                                                       _____

Thomas J. Osowik, J.                              JUDGE
CONCUR.

                                                              _____

                                                                JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.