OPINION *Page 2 
{¶ 1} Defendant-appellant William Mayor appeals from the concurrent eighteen-month sentences entered in the Mahoning County Common Pleas Court after his guilty pleas to two counts of burglary. On appeal, he raises multiple issues with sentencing: the court's handling of an alleged factual inaccuracy in the presentence investigation report; the court's consideration of alleged conduct that did not result in conviction; the mere assertion in the sentencing entry that the court considered the principles and purposes of sentences and balanced the seriousness and recidivism factors; and, the effect of Foster on sentencing a fourth degree felon. For the following reasons, all of appellant's arguments are without merit. As such, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} On September 15, 2005, two indictments were handed down against appellant. The first indictment charged him with felonious assault, a second degree felony, and alleged that on June 30, 2005, he knowingly caused or attempted to cause physical harm to Laura Zarconi with a deadly weapon in the form of a brick. See R.C. 2903.11(A)(2), (D);2923.11(A).
 {¶ 3} The second indictment charged him with felonious assault, a second degree felony, and alleged that on July 22, 2005, he knowingly caused or attempted to cause physical harm to Laura Zarconi with a deadly weapon in the form of a knife. See id. This indictment also charged him with aggravated burglary, a first degree felony, and alleged that he trespassed in the residence of Laura Zarconi with purpose to commit a criminal offense and inflicted or attempted to inflict physical harm on her. See R.C. R.C. 2911.11(A)(1), (B).
 {¶ 4} On August 3, 2007, appellant entered a negotiated plea agreement. The state agreed to amend the indictments so that he could plead guilty to merely two counts of burglary, which are fourth degree felonies. See R.C. 2911.12(A)(4), (C). A *Page 3 
presentence investigation report was ordered for the September 20, 2007 sentencing hearing.
 {¶ 5} The report related the contents of the Youngstown Police Department's records regarding the incidents reported to them. For instance, as to the first indictment, the victim reported that as she stepped outside her residence, appellant hit her in the shoulder and the forehead with a brick, drawing blood. As to the second indictment, she reported to police that appellant appeared inside her house and stabbed her with a knife in her upper chest causing a one inch wide and one inch deep wound.
 {¶ 6} At sentencing, the victim stated that she had a restraining order against appellant, which he violated multiple times by stalking her. She stated that she feared for her life and that her autistic son has been emotionally damaged by the attacks, noting that he was the one who had to find help when appellant stabbed her. (Tr. 2-4).
 {¶ 7} In pertinent part, appellant's counsel told the court that appellant disagreed with the records of the Youngstown Police Department with regard to the facts and circumstances surrounding the incidents. (Tr. 11-13). Counsel also urged that any allegations of physical harm were irrelevant since he was only pleading to burglary. (Tr. 12-14).
 {¶ 8} Appellant then exercised his right to allocution. He recognized that he is the father of the victim's child and explained that for the child's and the victim's emotional well-being he had decided that it was best for him to stay away. (Tr. 16). He stated that he is not guilty of the charges, that he does not know why they were brought and that he is unsure what harm he caused the victim. (Tr. 17).
 {¶ 9} The court acknowledged that appellant was not pleading to an offense of violence. However, the court opined that it was the court's prerogative to review the overall factual situation. The court explained that it read the narrative accounts of what transpired and stated:
 {¶ 10} "in reviewing the factual circumstances involved here, and in finding that this victim was hit with a brick — even of more concern to me is the fact that you have prior convictions for domestic violence." (Tr. 18). *Page 4 
 {¶ 11} In a September 24, 2007 sentencing entry, the court sentenced appellant to eighteen months in prison, the maximum for a fourth degree felony, on each count to run concurrently. The within timely appeal followed. Appellant presents six assignments of error on sentencing. Under the varying holdings within the Kalish case, a sentencing decision can be subjected to a two-fold review involving both the clearly and convincingly contrary to law standard and the abuse of discretion standard. State v. Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912.
 ASSIGNMENTS OF ERROR NUMBERS ONE AND THREE {¶ 12} Appellant's first and third assignments of error, which both deal with the arguments he raised at the sentencing hearing, provide:
 {¶ 13} "THE TRIAL COURTS RELIANCE UPON THE SUMMARY OF FACTS CONTAINED WITHIN THE PRE-SENTENCE INVESTIGATION, DISPUTED BY DEFENDANT/APPELLANT, IS CONTRARY TO LAW UNDER OHIO REVISED CODE SECTION 2951.03(B)(5)."
 {¶ 14} "THE SENTENCING PROCEEDINGS VIOLATED DEFENDANT/ APPELLANTS RIGHT TO DUE PROCESS UNDER THE UNITED STATES CONSTITUTION AS WELL AS THE CONSTITUTION OF THE STATE OF OHIO."
 {¶ 15} In the latter assignment, appellant contends that the court violated his due process rights by considering the violence of the offenses for which he was indicted, even though he was not being convicted of these offenses and was pleading to offenses with no elements of violence. Contrary to appellant's contention, the sentencing court was permitted to consider the circumstances surrounding the offenses for which he was indicted, regardless of whether they resulted in convictions.
 {¶ 16} It is well-established that sentencing courts can consider arrests and even prior allegations that did not result in conviction.State v. Hutton (1990), 53 Ohio St.3d 36, 43 (prior arrests constitute the prior criminal record and the social history); State v. Cooey
(1989), 46 Ohio St.3d 20, 35 (prior allegations of wrongdoing are part of the social history); State v. Burton (1977), 52 Ohio St.2d 21, 23
(relating to prior arrests).
 {¶ 17} Thus, the sentencing court can consider the circumstances of the offense for which the defendant was indicted, even if he negotiated a plea at odds with *Page 5 
the indicted elements. State v. Starkey, 7th Dist. No. 06MA110,2007-Ohio-6702, ¶ 17; State v. Crites, 7th Dist. No. 04MA146,2005-Ohio-2704, ¶ 20. See, also, State v. Huntley, 4th Dist. No. 02CA55, 2002-Ohio-6806, ¶ 9-14 (adopting "real offense sentencing" and allowing court to adopt circumstances contained in a presentence investigation even where rape charge was dismissed in plea bargain).
 {¶ 18} The court can do this by viewing the indictment, the bill of particulars, the victim's statements in court, the trial testimony if there was a trial and the presentence investigation report. See R.C. 2929.19(B)(1) (requiring court to consider the record as well as information presented at the hearing, the presentence investigation report and the victim impact statement). As such, appellant's third assignment of error is overruled.
 {¶ 19} We addressed this assignment first because the above analysis contains important criteria to keep in mind while addressing the arguments set forth in appellant's first assignment of error. In his first assignment, he argues that the court failed to perform its statutory duty upon learning of his disagreement with the Youngstown Police records presented in the presentence investigation report and upon hearing his claim that the victim's claims were invalid.
 {¶ 20} Pursuant to R.C. 2951.03(B)(5), if the defendant alleges any factual inaccuracy in the presentence investigation report, the court shall either:
 {¶ 21} "(a) make a finding as to the allegation; [or]
 {¶ 22} "(b) make a determination that no finding is necessary with respect to the allegation because the factual matter will not be taken into account in the sentencing of the defendant."
 {¶ 23} This statutory provision only relates to the presentence investigation report. As aforementioned, the court can consider other sources of information as well, including the indictments (which specifically mention a brick and a knife as the deadly weapons used), the bill of particulars and the victim's statements in court. See R.C. 2929.19(B)(1). Where the contested portion of the presentence investigation is duplicative of the information within the other sources, the lack of specific findings lowers any prejudicial impact on the defendant. For instance, there is no requirement *Page 6 
that the court make specific findings on the truthfulness of a victim's statement to the court if the defendant contests the victim's veracity within that statement.
 {¶ 24} Along these lines, we point out that appellant is not arguing that the presentence investigation inaccurately reported the records of the Youngstown Police or that the police inaccurately reported what the victim told them. Rather, he is presenting the typical argument that the victim is lying. Such an argument may not even fit under the factual inaccuracy category of R.C. 2951.03(B)(5).
 {¶ 25} In any event, as to the facts surrounding the first incident, the court specifically found that the victim was hit with a brick. (Tr. 18). Thus, appellant's argument that the court violated R.C. 2951.03(B)(5)(a) with regards to that lowered charge is incomprehensible.
 {¶ 26} As to the knife incident, the court did not explicitly find that a knife was involved. However, the court's sentencing entry stated that it considered the record, the oral statements, the presentence investigation report and the purposes and principles of sentencing and balanced the seriousness and recidivism factors. Thus, the court did not exclude any portion of the presentence investigation report from its consideration under R.C. 2951.03(B)(5)(b) but rather decided to consider the entire report. As for the oral statements given, the court heard the victim state that she had been brutally attacked multiple times causing her to fear for her life. More specifically, she explained that appellant stabbed her. (Tr. 3).
 {¶ 27} Most importantly, the court had announced that it was reviewing the overall factual situation regardless of appellant's ability to negotiate a favorable plea that omitted the violence elements. By stating that it was reviewing the narrative reports and the overall factual situation, the court essentially stated that it did not agree with appellant's contention of factual inaccuracy.[1]
 {¶ 28} In other words, the court need not specifically state, "I find no factual inaccuracy." See, e.g., State v. Hofmann, 6th Dist. No. E-03-057, 2004-Ohio-6655, ¶ 22 *Page 7 
(holding that court did make a finding when it said that it would not ignore child-victim's statement). The trial court's conclusion that it would not ignore the victim's claims and that it would consider the narrative reports as the circumstances of the offense is a findingagainst appellant's claimed inaccuracy in itself. See id. Thus, the court satisfied any duty imposed by R.C. 2951.03(B)(5).
 {¶ 29} Alternatively, the court mentioned only the brick incident and then explicitly revealed that its main focus was the fact that appellant had three prior domestic violence convictions. Thus, any failure to strictly comply with R.C. 2951.03(B)(5)(a) as to the stabbing incident was harmless. See State v. Caudill, 5th Dist. No. 06CO42, 2007-Ohio-6175, ¶ 22 (holding that appellant failed to establish the trial court specifically relied upon the erroneous information contained in the presentence investigation report when it imposed sentence).
 {¶ 30} Here, the court's statement that it was permitted to review the overall situation is not specific reliance on the stabbing. In fact, this statement was a response to the other argument presented by appellant in assignment of error number three and addressed above; where he claimed that the court is not entitled to even view the victim's claims if they entail elements to which he did not plead.
 {¶ 31} Lastly, appellant presents an alternative argument that the requirement for the court to make a finding on the defendant's allegation of a factual inaccuracy is violative of Foster. Essentially, this would mean that if a defendant disputes everything that a victim reported (which they often do), then he can nullify all portions of the presentence investigation report that set forth the victim's allegations because a court can longer make a decision at sentencing regarding contested allegations.
 {¶ 32} Contrary to appellant's contentions, we do not find that R.C. 2953.03(B)(5)(a) constitutes impermissible judicial fact-finding underFoster. The Foster holding basically prohibited making an increase in punishment from the presumptive minimum contingent on mandatory judicial fact-finding. State v. Foster, 109 Ohio St.3d 1, ¶ 52-53. TheFoster Court recognized that R.C. 2929.11 and R.C. 2929.12 do not violate this principle even though they require the court to consider the listed factors. Id. at ¶ 42. In pertinent part, these statutes require consideration of the *Page 8 
seriousness of the offender's conduct and its impact on the victim, including whether the victim suffered physical harm. R.C. 2929.11(B); R.C. 2929.12(B)(2), (C)(3).
 {¶ 33} If the victim states that she suffered physical harm but the defendant contests this claim, obviously it is a question for the sentencing court in exercising its discretion at the sentencing hearing. It is not unconstitutional judicial fact-finding of an element required for increased sentencing; it is a mere long-standing function of a court at sentencing that is irrelevant to enhancements. See, e.g.,Foster, 109 Ohio St.3d 1 at ¶ 68-70 (making "fine distinctions" concerning statutes where presumptive minimum would not be required in the absence of findings). A statute allowing a court to disregard an alleged factual inaccuracy in a presentence investigation report (instead of performing its regular sentencing court function of finding whether to believe the defendant's claim) is not equivalent to the statutory provisions excised in Foster. Cf. id. at ¶ 64.
 {¶ 34} Regardless, since appellant did not raise any issues regarding the validity of R.C. 2951.03(B)(5)(a) below during his sentencing that occurred well over a year after Foster and years after Blakely, he has forfeited any right to raise this Foster argument on appeal. SeeState v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 1, 31 (when sentencing occurred after Blakely, the failure to object at trial to a sentence that violates Blakely forfeits the issue on appeal).
 {¶ 35} Finally, we note that even if the Supreme Court were to find aBlakely/Foster violation in R.C. 2951.03(B)(5), the entire section would be severed, not just the subsection of (B)(5)(a). Otherwise, the function of a presentence investigation report would be eliminated by defendants who would only have to voice disagreement with the entire document to invoke subsection (B)(5)(b) and require the court to disregard everything. For all of the foregoing reasons, these assignments of error are overruled.
 ASSIGNMENT OF ERROR NUMBER TWO {¶ 36} Appellant's second assignment of error alleges:
 {¶ 37} "THE TRIAL COURT FAILED TO MAKE THE REQUIRED CONSIDERATIONS UNDER OHIO REVISED CODE SECTION 2929.11(A) AND *Page 9 
2929.12 AND THEREFORE DEFENDANT/APPELLANT'S SENTENCE IS CONTRARY TO LAW."
 {¶ 38} Appellant argues that a court errs by its mere assertion in its sentencing entry that it considered the purposes and principles of sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12. He cites older cases out of the Tenth District Court of Appeals in support. He also states that the court did not mention any factors from the bench. However, his arguments are without merit for various reasons.
 {¶ 39} Firstly, the Tenth District has since revised its position to align with that of other districts. State v. Reed, 10th Dist. No. 08AP-20, 2008-Ohio-6082, ¶ 64, fn.1. Secondly, it is the established position of this court that matters, not that of another district. This court has stated multiple times that the assertion in the sentencing entry that the court considered the purposes and principles of R.C. 2929.11 and balanced the seriousness and recidivism factors of R.C. 2929.12 is sufficient to establish compliance with these statutes. See, e.g., State v. Jones, 7th Dist. No. 04MA76, 2005-Ohio-6937, ¶ 39;State v. Barnette, 7th Dist. No. 06MA135, 2007-Ohio-7209, ¶ 25;State v. Marks (June 13, 2001), 7th Dist. No. 823.
 {¶ 40} Thirdly, the various positions in the Kalish plurality, concurring and dissenting opinions support the conclusion that the trial court's assertion in its sentencing entry is sufficient. At least a plurality of the Ohio Supreme Court expressly abides by the principle inState v. Adams (1988), 37 Ohio St.3d 295, that a silent record allows a presumption that the court considered the factors of R.C. 2929.11 and R.C. 2929.12. State v. Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶ 18, fn. 4. Although the Kalish visiting judge, who concurred in judgment only, opined that Adams was overruled by State v. Arnett (2000),88 Ohio St.3d 208, he still stated that as long as the judgment entry is not devoid of reference to R.C. 2929.11 and R.C. 2929.12, it is not contrary to law. Id. at ¶ 37 (Williamowski, J., concurring in judgment only). Moreover, the three dissenters on the applicable standard of review expressed no problem with the trial court's judgment entry stating that it considered the purposes and principles in R.C. 2929.11 and the factors in R.C. 2929.12. See id. at ¶ 5, 18. See, also, State v.Esner, 8th Dist. No. 90740, 2008-Ohio-6654, ¶ 40, fn.1. *Page 10 
 {¶ 41} Lastly, we note that contrary to appellant's suggestion, the court did demonstrate that it considered the relevant factors from the bench as well. That is, the court found that the victim had been hit by a brick and expressed even more concern with appellant's three prior domestic violence convictions. Such concerns coincide with the purposes and principles in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12.
 {¶ 42} We conclude that the trial court evinced sufficient demonstration of compliance with R.C. 2929.11 and R.C. 2929.12. This assignment of error is without merit.
 ASSIGNMENT OF ERROR NUMBER FOUR {¶ 43} Appellant's fourth and assignment of error contends:
 {¶ 44} "THE TRIAL COURT FAILED TO MAKE THE FINDINGS REQUIRED BY OHIO REVISED CODE SECTION 2929.19(B)(2)(a) BEFORE IMPRISONING A FOURTH DEGREE FELONY OFFENDER WHOSE SENTENCE IS GOVERNED BY 2929.13(B)."
 {¶ 45} Appellant relies on two statutes here: R.C. 2929.19(B)(2)(a) and R.C. 2929.13(B). In pertinent part, R.C. 2929.19(B)(2)(a) provides that the court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed if it imposes a prison term for a felony of the fourth degree, based upon the overriding purposes and principles in R.C. 2929.11 and any applicable factors in R.C. 2929.13 (B)(1)(a) to (i).
 {¶ 46} Pursuant to R.C. 2929.13(B)(2):
 {¶ 47} "(a) If the court makes a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12
of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender.
 {¶ 48} "(b) Except as provided in division (E), (F), or (G) of this section, if the court does not make a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in *Page 11 
section 2929.12 of the Revised Code, finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code, the court shall impose a community control sanction or combination of community control sanctions upon the offender."
 {¶ 49} Appellant believes that the trial court erred in failing to make findings under these statutes.
 {¶ 50} As the state responds, Foster severed R.C. 2929.19(B)(2) without limiting its excision remedy to any particular division of (B)(2). See State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, ¶ 2 of syllabus (After the severance [of R.C. 2929.19(B)(2)], judicial fact-finding is not required before a prison term can be imposed within the basic ranges of R.C. 2929.14(A) * * *"), ¶ 97 ("The following sections * * * have no meaning now that judicial findings are unconstitutional * * * 2929.19(B)(2) * * *"), ¶ 99, 105. See, also,State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38
(R.C. 2929.19(B)(2) has been excised).
 {¶ 51} As to R.C. 2929.13(B), the plain language of this statute does not require findings before sentencing a fourth degree felon to prison. Rather, it merely requires prison if the court decides to make certain findings and requires community control if the court decides to make other findings. If the court makes no findings, it can in fact sentence a fourth degree felon to prison. We have previously explained the distinction, noting that the court can place a fourth degree felony outside of both R.C. 2929.13(B)(2)(a) and (B)(2)(b). See State v.Singh, 157 Ohio App.3d 603, 2004-Ohio-3213, ¶ 62. Foster did not find any problems with or change this law. Specifically, the Foster Court explained:
 {¶ 52} "At first blush, this portion of the statute appears to violateBlakely, but on closer inspection, it does not. If the appropriate findings are made, the court has no discretion and must impose a prison term; however, the statute does not prevent a court from imposing a prison term without these findings. There is no presumption in favor of community control, in other words. If no findings are made under R.C. 2929.13(B)(1)(a) through (i), the court must find that a community-control sanction meets the principles of sentencing under R.C. 2929.11 before it must impose *Page 12 
community control. Thus, a judge who does not make one of the (B)(1) findings and does not find that community control is a sufficient sanction could still impose a prison term. (FN91)
 {¶ 53} "R.C. 2929.13(B)(2)(a) would permit a judge to impose prison rather than community control without R.C. 2929.13(B) findings. This subtle distinction was found to be constitutional in McMillan v.Pennsylvania (1986), 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67. There, with respect to a statute involving use of a firearm during an offense, the court was required to impose a mandatory minimum prison term if findings were made — yet the court could still have imposed a greater term without the findings. R.C. 2929.13(B)(2)(b) and 2929.13(B)(2)(a) do not violate Blakely by requiring the sentencing court to make additional findings of fact before increasing a penalty at the fourth- or fifth-degree-felony level." Id. at ¶ 69-70.
 {¶ 54} As such, findings were not required under either statute cited by appellant. This assignment of error is without merit.
 ASSIGNMENT OF ERROR NUMBER FIVE {¶ 55} Appellant's fifth assignment of error alleges:
 {¶ 56} "SHOULD THE COURT DETERMINE THAT IT IS NOT NECESSARY FOR THE TRIAL COURT TO STATE ITS REASONS FOR IMPRISONING A FOURTH DEGREE FELONY OFFENDER BECAUSE OF FOSTER, DEFENDANT/APPELLANT ASSERTS THAT THE APPLICATION OF THE FOSTER DECISION TO HIS CASE VIOLATES DEFENDANT/APPELLANTS RIGHT TO DUE PROCESS AND/OR NOT TO BE SUBJECT TO CRIMINAL EX POST FACTO LAWS."
 {¶ 57} Appellant urges that if, because of the February 2006Foster decision, the trial court is no longer required to make findings regarding fourth degree felons being sentenced to prison, then his due process rights have been violated because his offenses were committed in 2005. See State v. Garner (1995), 74 Ohio St.3d 49, 57. (ex post facto prohibition relates to retroactive legislation; similar retroactive judicial decisions are framed in terms of due process).
 {¶ 58} As related to Foster's effect on R.C. 2929.19(B)(2), this court has previously found that the retroactive application of Foster does not violate due process as that doctrine extends the ex post facto principles to judicial decisions. See, e.g., *Page 13 State v. Balwanz, 7th Dist. No. 07BE20, 2007-Ohio-5041, ¶ 16; State v.Palmer, 7th Dist. No. 06JE20, 2007-Ohio-1572, ¶ 75.
 {¶ 59} As related to R.C. 2929.13(B), we explained above thatFoster did not change the law under this division; thus, appellant's"Foster as violating due process" argument is not relevant to R.C. 2929.13(B). Hence, this assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER SIX {¶ 60} Appellant's sixth and final assignment of error provides:
 {¶ 61} "DEFENDANT/APPELLANT WAS DENIED A FAIR TRIAL DUE TO THE CUMULATIVE EFFECT OF THE ERRORS AS SET FORTH HEREIN."
 {¶ 62} Pursuant to the cumulative error doctrine, the existence of multiple errors, which may not individually require reversal, may collectively act to violate a defendant's right to a fair trial.State v. Madrigal (2000), 87 Ohio St.3d 378, 397; State v. DeMarco
(1987), 31 Ohio St.3d 191, 196-197.
 {¶ 63} As we have not recognized multiple errors here, the cumulative error doctrine is inapplicable. See State v. Gamer (1995),74 Ohio St.3d 49, 64. This assignment of error is without merit.
 {¶ 64} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
DeGenaro, P.J., concurs.
Donofrio, J., dissents in part, concurs in part; see dissenting in part, concurring in part opinion.
[1] In fact, prior to the imposition of the court's duty, another portion of the statute specifies that the defendant can introduce testimony or other information that relates to any alleged factual inaccuracy contained in the report. R.C. 2951.03(B)(2). Besides his general unsworn claim of innocence, appellant did not take further advantage of this provision. See U.S. v. Velez (6th Cir. 1993),1 F.3d 386 (where defendant claimed that presentence investigation report inaccurately stated the count he stole, appellate court characterized this as mere conjecture without proof).