[Cite as *State v. Henry*, 2015-Ohio-4145.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO. 14 BE 40 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| JOHN DAVID HENRY, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS: Criminal Appeal from the Court of Common Pleas of Belmont County, Ohio Case No. 14CR68

JUDGMENT: Affirmed.

APPEARANCES:

For Plaintiff-Appellee: Atty. Daniel P. Fry
Belmont County Prosecutor
Atty.J. Kevin Flanagan
Assistant Belmont County Prosecutor
147-A West Main Street
St. Clairsville, Ohio 43950

For Defendant-Appellant: Atty. Scott C. Essad
721 Boardman-Poland Road, Suite 201
Youngstown, Ohio 44512

JUDGES:

Hon. Carol Ann Robb
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated: September 30, 2015

ROBB, J.

{¶1} Defendant-Appellant John David Henry appeals from the Belmont County Common Pleas Court's decision to impose a maximum sentence of thirty-six months in prison after Appellant pled guilty to domestic violence, a third-degree felony, due to prior domestic violence convictions. The state (upon the request of the victim) recommended a sentence of six months in the Eastern Ohio Correctional Center ("EOCC"). In contesting the maximum sentence, Appellant contends the court ignored this recommendation and improperly balanced the purposes and principles of sentencing and the seriousness and recidivism factors. For the following reasons, the trial court's judgment is upheld.

## STATEMENT OF THE CASE

{¶2} Appellant's wife called the Martin's Ferry police to her residence on January 10, 2014, reporting that Appellant assaulted her. Appellant was charged and later indicted for domestic violence in violation of R.C. 2919.25(A). The offense was a third-degree felony due to his prior domestic violence convictions. *See* R.C. 2919.25(A)(4) (two or more prior convictions of domestic violence). The charging instrument specified three prior domestic violence convictions from 2013, 2011, and 2002.

{¶3} Appellant pled guilty to the charge on August 4, 2014. At the victim's urging, the state agreed to recommend a sentence to EOCC and community control. A pre-sentence investigation ("PSI") was ordered. The PSI related the contents of the police report. It said Appellant came home from the hospital after being treated for a broken hip, drank a half-gallon of vodka, broke various phones, and removed his wife's car battery. After screaming at his wife for some time, Appellant grabbed her by the hair and dragged her into the bathroom where he twisted her neck. Their twelve-year-old son begged him to stop. The son yelled that Appellant was killing his mother. Their fourteen-year-old daughter was also present. The son retrieved a BB gun, shot Appellant in the face multiple times, and hit Appellant with the end of the gun until Appellant released the victim. The victim ran to the neighbor's house and called the police.

{¶4} Appellant told the probation officer that he and his wife were separated. He explained that he had been living at his mother's house and his wife had been seeing another man. He said he returned home upon his wife's request. He reported that on the night of the incident, his wife left to return an item to the man she had been seeing. Appellant stated that she returned home drunk at 2:30 a.m. He reported that he had been drinking as well and that he had received inpatient treatment for alcohol abuse in the past.

{¶5} Appellant admitted that he and his wife argued and claimed that he tried to leave the house. He said his wife asked their son to stop him from leaving. Appellant's version of events then moved to the part where his son shot him in the face with an "airsoft" gun and hit him after he fell to the floor. He said that his wife encouraged the children to tell the police he threatened to kill her.

{¶6} As for his criminal history, the PSI confirmed the three first-degree misdemeanor domestic violence convictions (from 2013, 2011, and 2002) listed in the charging instrument. The 2013 domestic violence conviction resulted in a sentence of 180 days in jail with 120 days suspended and two years of probation; a felony domestic violence charge was dismissed. The 2011 domestic violence conviction resulted in a jail sentence of 180 days with 171 days suspended and two years of probation; that case also involved a dismissed felony charge. The 2002 domestic violence conviction resulted in a jail sentence of ten days with eight days suspended and one year of probation.

{¶7} The PSI revealed an additional conviction for first-degree misdemeanor domestic violence in 1997 and a conviction of making threatening phone calls that same year. Appellant was also convicted of disorderly conduct in 2009 and operating a vehicle while intoxicated and child endangering in 2005. He was arrested for domestic violence in 1996 and for violating a civil protection order in 1997, but those charges were dismissed.

{¶8} In a letter sent directly to the trial court, the victim asked the court to consider alcohol treatment, stating that she loves Appellant. The prosecution provided the court with another letter from the victim, wherein she said that she was not an abused woman, blamed herself (for having an affair), asked that Appellant not

be sent to prison, and urged that the children needed their father. The victim did not attend the sentencing hearing. The assistant prosecutor admitted that he originally believed prison was appropriate but changed the recommendation after speaking with the victim, who provided perspective on the family's situation and Appellant's alcohol addiction. (Tr. 3). The prosecution asked for a sentence of time served (the four months Appellant spent in jail pending trial on this offense) plus six months in EOCC. (Tr. 4).

{¶9} The defense disclosed that Appellant was under heavy influence of alcohol on the night of the incident and that alcohol was also the underlying factor in the prior domestic violence incidents. (Tr. 4). Appellant was arrested for OVI in February 2014 and spent two months in jail on that offense. Jail time credit for the current offense began thereafter for a total of 125 days. The defense agreed with the recommendation of time served plus six months in EOCC. It was pointed out that Appellant had been incarcerated without alcohol for six months and that the programs at EOCC would address his alcohol issues. (Tr. 5). When offered his right to allocution, the defendant stated that he was doing this for his children and that he never touched his wife. (Tr. 5).

{¶10} The court explained that it "reviewed at length Ohio Revised Code Section 2929.11 and 2929.12," the file, and the PSI. (Tr. 2). The court recognized the value of the two sides coming to an agreement but explained that after reading the PSI, the court could not adopt the recommendation. (Tr. 6). The court read Appellant's criminal history and the contents of the police report into the record. (Tr. 7-8). The court noted that Appellant's twelve-year-old son "will never, ever, ever, ever, ever, ever be the same because of witnessing that." (Tr. 7-8). The court indicated that Appellant's behavior was serious. (Tr. 8).

{¶11} The court announced that it was obligated to sentence Appellant to thirty-six months in prison based upon the voluminous priors, the need to protect the public, the need for deterrence, the need for punishment, and the need for "good faith" judicial consideration of the statutes. (Tr. 8-9). In imposing the maximum sentence, the court asked the parties to reflect upon what the court read and to

realize: "domestic violence is not a fluke in his life; domestic violence is his way of life." (Tr. 10).

**{¶12}** Appellant filed a timely notice of appeal from the August 19, 2014 sentencing entry. The trial court appointed Appellant's trial counsel to represent Appellant on appeal. This attorney filed a brief on January 5, 2015. Due to correspondence from Appellant, counsel asked to withdraw. On April 27, 2015, this court ruled that due to the request and the unusual circumstances of Appellant being represented by the same counsel at trial and on appeal, substitute counsel would be appointed to review the file and ascertain whether a supplemental brief was warranted. New counsel filed a supplemental brief on Appellant's behalf on June 11, 2015. The original assignment of error was maintained and supplemental reasoning and law were provided.

<u>ASSIGNMENT OF ERROR</u>

**{¶13}** Appellant's sole assignment of error provides:

"THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING APPELLANT TO THE MAXIMUM AVAILABLE SENTENCE CONTRARY TO THE RECOMMENDATION OF THE STATE, APPELLANT'S COUNSEL AND THE WISHES AND DESIRES OF THE VICTIM."

**{¶14}** Appellant suggests the trial court did not sufficiently evince its consideration of the purposes and principles of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. Appellant protests the court's failure to follow the sentencing recommendation of the state, the defense, and the victim. He claims that the trial court completely disregarded the victim's statements despite the mandate in R.C. 2930.14(B), which requires the court to consider a victim's statement. He urges that treatment would have been more appropriate under the circumstances of this case.

**{¶15}** Appellant contends that his guilty plea constituted the acceptance of responsibility for his actions. He notes the absence of prior felony convictions. He complains that removal from his family for three years will negatively affect his two children. He refers to his history of alcohol abuse and points out that he was under the influence when he committed this offense, which he states was not a

premeditated offense. Appellant concludes that the court did not follow the requirement in R.C. 2929.11(A) to use the minimum sanctions to achieve the purposes of sentencing without imposing an unnecessary burden on government resources.

{¶16} Pursuant to R.C. 2929.11, a court sentencing a felony defendant shall be guided by the overriding sentencing purposes of: (1) protecting the public from future crime by the offender and others; and (2) punishing the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. R.C. 2929.11(A). The court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. *Id.* A felony sentence shall be reasonably calculated to achieve the two overriding purposes: commensurate with and not demean the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders. R.C. 2929.11(B).

{¶17} R.C. 2929.12 explains how the sentencing court has discretion to determine the most effective way to comply with the purposes and principles of sentencing. R.C. 2929.12(A). In exercising that discretion, the court shall consider the statutory seriousness and recidivism factors in R.C. 2929.12 (B), (C), (D), and (E) and may consider any other relevant factor. *Id.*

{¶18} Factors that indicate the offender's conduct is more serious than conduct normally constituting the offense include: (1) a physical or mental injury was exacerbated due to the victim's physical or mental condition or age; (2) the victim suffered serious physical, psychological, or economic harm; (3) the offender held a public office or position of trust in the community; (4) the offender's occupation, office, or profession obliged the offender to prevent the offense or bring others committing it to justice; (5) the offender's professional reputation, occupation, office, or profession was used to facilitate the offense or is likely to influence the conduct of others; (6) the offender's relationship with the victim facilitated the offense; (7) the offense was committed for hire or as part of organized criminal activity; (8) the offense was

motivated by prejudice; or (9) the offense is domestic violence (or assault involving a family or household member), the offense was committed in the vicinity of a child (who is not the victim), and the offender or victim is a parent or person in loco parentis to the child. R.C. 2929.12(B)(1)-(9).

{¶19} Factors that indicate the offender's conduct is less serious than conduct normally constituting the offense include: (1) the victim induced or facilitated the offense; (2) the offender acted under strong provocation; (3) the offender did not cause or expect to cause physical harm to any person or property; and (4) there are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense. R.C. 2929.12(C)(1)-(4).

{¶20} Factors that indicate the offender is likely to commit future crimes include: (1) at the time of the offense, the offender was under pretrial release, community control, post-release control or other sanctions for an earlier offense or was unfavorably terminated from post-release control or transitional control; (2) the offender has a history of criminal convictions or was previously adjudicated a delinquent child; (3) the offender has not responded favorably to sanctions previously imposed for criminal convictions or has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child; (4) the offender has a pattern of drug or alcohol abuse related to the offense and refuses to acknowledge that pattern or refuses treatment; or (5) the offender shows no genuine remorse for the offense. R.C. 2929.12(D)(1)-(5).

{¶21} Factors that indicate that the offender is not likely to commit future crimes include: (1) the offender was not previously adjudicated a delinquent child; (2) the offender was not previously convicted of a criminal offense; (3) the offender previously led a law-abiding life for a significant number of years; (4) the offense was committed under circumstances not likely to recur; and (5) the offender shows genuine remorse for the offense. R.C. 2929.12(E)(1)-(5).

{¶22} R.C. 2929.11 does not require the trial court to make specific findings as to the purposes and principles of sentencing. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31. Likewise, R.C. 2929.12 does not require the trial court to "use specific language or make specific findings on the

record in order to evince the requisite consideration of the applicable seriousness and recidivism factors." *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). *See also State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 42 (statute instructs court to "consider" the statutory factors; there is no mandate for judicial fact-finding within these general guidance statutes).

**{¶23}** This court has returned to the rule that a silent record raises the rebuttable presumption that the sentencing court considered the proper statutory items within R.C. 2929.11 and R.C. 2929.12. *State v. Grillon*, 7th Dist. No. 10CO30, 2012-Ohio-893, ¶ 131; *State v. James*, 7th Dist. No. 07CO47, 2009-Ohio-4392, ¶ 38-51 (explaining the history of the rule in detail), citing, *e.g.*, *State v. Cyrus*, 63 Ohio St.3d 164, 165, 586 N.E.2d 94 (1992) and *State v. Adams*, 37 Ohio St.3d 295, 297, 535 N.E.2d 1361 (1988).

**{¶24}** In any event, the trial court expressly stated at the sentencing hearing that the court reviewed R.C. 2929.11 and R.C. 2929.12 at length. (Tr. 2). The court also said that the file was reviewed multiple times and the PSI was reviewed at length. (Tr. 2). The court quoted the facts reported in the PSI and made statements related to the seriousness of the offense. (Tr. 8). The court pointed out that two children were present, ages 12 and 14. (Tr. 3, 7-8). The court expressed that the twelve-year-old son would never be the same due to the incident, which is further related to the seriousness of the offense. (Tr. 7).

**{¶25}** Related to recidivism, the court read Appellant's criminal record into the record and characterized his prior criminal history as voluminous. (Tr. 4, 7-8). The court concluded: "domestic violence is not a fluke in his life; domestic violence is his way of life." (Tr. 10). The court also declared that the sentence was based upon his priors, the need to protect the public, the need for deterrence, and the need for punishment. (Tr. 8).

**{¶26}** Likewise, the sentencing entry explicitly declared that the court considered "the principles and purposes of sentencing under R.C. §2929.11 and has balanced the seriousness and recidivism factors under R.C. §2929.12." The entry also related that the court considered the record, the oral statements, and the PSI. The court thereafter stated that a sentencing court has "discretion to determine the

most effective way to comply with the principles and purposes of sentencing set forth in R.C. §2929.11" and then specifically cited to R.C. 2929.12 (B), (C), (D), and (E), adding that the court may also consider any other factor relevant to achieving the purposes and principles. The sentencing entry then set forth findings aligning with statutory factors.

**{¶27}** For instance, the court reiterated that Appellant has a criminal history and recited some of the offenses. The entry expressed that Appellant has not responded to sanctions previously imposed and that he has an established pattern of criminal activity without a good faith effort at seeking treatment or a lifestyle change. The court found no mitigating factors suggesting that recidivism was less likely. The court added that community control would not adequately punish Appellant or protect the public and would demean the seriousness of the offense.

**{¶28}** Contrary to Appellant's argument, the trial court did consider R.C. 2929.11 and R.C. 2929.12. A presumption of such statutory consideration is not required as the trial court expressly cited to the statutes and the contents thereof. Additionally, the trial court provided some factual findings in support, although such was not required of the court. *See, e.g., State v. Wilson*, 129 Ohio St.3d 214 at ¶ 31; *Arnett*, 88 Ohio St.3d at 215.

**{¶29}** Appellant does not argue against the well-established principle that a trial court is not bound by the parties' joint recommendation. *See State v. Kelly*, 7th Dist. No. 08CO17, 2009-Ohio-1035, ¶ 29 ("Courts are not bound by the state's recommendation in sentencing, even when the recommended sentence induces the defendant to plead guilty to an offense."), citing *State v. Martinez*, 7th Dist. No. 03-MA-196, 2004-Ohio-6806, ¶ 8. Rather, Appellant urges that a decision to deviate from the recommendation of the state and the victim and to sentence him to the maximum was improper in this particular case. We proceed to review the sentencing factors related to this contention.

**{¶30}** As for the factors in R.C. 2929.12(B) making the offense more serious, Appellant's relationship with the victim, who was his wife, facilitated the offense. *See* R.C. 2929.12(B)(6). The domestic violence offense was committed in the presence of two children, the offender was their father, and the victim was their mother. *See*

R.C. 2929.12(B)(9) (committed in vicinity of child and offender or victim is a parent of the child). The details of the offense were said to be extreme. *See* R.C. 2929.12(A) (any other factor). The twelve-year-old son not only witnessed the offense but had to rescue the mother by performing extraordinary acts, which as the trial court opined would have a life-lasting effect on the child. *See id. See also State v. Mayor*, 7th Dist. No. 07MA177, 2008-Ohio-7011, ¶ 17 (court can consider circumstances of offense in PSI, even in cases where plea results in an offense being dismissed).

**{¶31}** Regarding an evaluation of the factors in R.C. 2929.12(C) that can make an offense less serious, the victim's letter claimed that she did not suffer harm, and she asked for leniency via the prosecutor. A sentencing judge need not adopt a domestic violence victim's plea of leniency. *See, e.g., State v. Turks*, 3d Dist. Nos. 1–10–02, 1–10–26, 2010-Ohio-5944, ¶ 48. Considering the report, it cannot be said that Appellant did not expect to cause physical harm here. *See* R.C. 2929.12(C)(3). There was an attempt to portray the victim's relationship with another man as some type of inducement or provocation. *See* R.C. 2929.12(C)(1)-(2). Yet, Appellant stated he and his wife were separated prior to the night of the incident. Intoxication was also suggested as a mitigating circumstance. *See* R.C. 2929.12(C)(4).

**{¶32}** As to the factors in R.C. 2929.12 (D) indicating the offender is likely to commit future crimes, this was Appellant's fifth domestic violence conviction. These convictions occurred in 1997, 2002, 2011, 2013, and 2014. He also had a conviction for making threatening telephone calls in 1997, disorderly conduct in 2009, and endangering a child in 2005. *See* R.C. 2929.12(D)(2). He was previously incarcerated on the domestic violence charges.

**{¶33}** Appellant had no prior felony conviction. Still, the 2011 and 2013 cases carried accompanying felony charges of domestic violence (which were dismissed). We also note that Appellant was arrested for domestic violence in 1996 and for violating a protection order in 1997. *See Mayor*, 7th Dist. No. 07MA177 at ¶ 16 ("It is well-established that sentencing courts can consider arrests and even prior allegations that did not result in conviction."). *See also State v. Hutton*, 53 Ohio St.3d 36, 43, 559 N.E.2d 432 (1990) (prior arrests constitute the prior criminal record and the social history); *State v. Cooey*, 46 Ohio St.3d 20, 35, 544 N.E.2d 895 (1989)

(prior allegations of wrongdoing are part of the social history); *State v. Burton*, 52 Ohio St.2d 21, 23, 368 N.E.2d 297 (1977) (relating to prior arrests).

**{¶34}** Appellant's last domestic violence conviction was in September 2013 (after a July 2013 arrest six months before this incident). He was given two years of probation after serving 60 days of a 180-day sentence. As the present offense was committed on January 9, 2014, it would appear he was still on probation for the 2013 domestic violence conviction when he committed a new domestic violence offense. *See* R.C. 2929.12(D)(1). It is clear Appellant has not responded favorably to sanctions previously imposed. *See* R.C. 2929.12(D)(3).

**{¶35}** Appellant has demonstrated a pattern of alcohol abuse, said to be related to the offense. He reported previously receiving inpatient treatment. In his favor, he acknowledged the pattern and asked for treatment. *See* R.C. 2929.12 (D)(4). There was no expression of genuine remorse, and he did not accept responsibility for the offense. *See* R.C. 2929.12(D)(5). *Compare* R.C. 2929.12(E)(5) (showing genuine remorse is a factor making recidivism less likely).

**{¶36}** As to the factors in R.C. 2929.12(E) that indicate an offender is not likely to commit future crime, there is no indication that Appellant was ever adjudicated as a delinquent child. *See* R.C. 2929.12(E)(1). However, his adult offenses, including those similar to the one at bar, weigh heavy on the scale. *See* R.C. 2929.12(E)(2). His record shows he did not lead a law-abiding life for a significant number of years prior to this offense. *See* R.C. 2929.12(E)(3). It cannot be said that the offense was committed under circumstances not likely to recur. *See* R.C. 2929.12(E)(4).

**{¶37}** Notably, R.C. 2929.11(A) speaks of an "unnecessary" burden on government resources, and even that concern must be weighed against the general purposes and principles of sentencing. *See also Grillon*, 7th Dist. No. 10CO30 at ¶ 136 (costs should not outweigh the benefit the people of the state derive from an offender's incarceration); *State v. Wolfe*, 7th Dist. No. 03CO45, 2004-Ohio-3044, ¶ 15 (court need not elevate resource conservation above the seriousness and recidivism factors). The trial court exercised its discretion in weighing the factors and in determining that a maximum sentence of 36 months was appropriate and that any

burden on resources was not unnecessary or was outweighed by the need to protect the public, deter the offender and others, and punish Appellant.

**{¶38}** In sum, this court does not clearly and convincingly find that Appellant's sentence is contrary to law as required by the statute governing the appeal. *See* R.C. 2953.08 (A)(1)(a) (appeal of right for maximum prison term), (A)(4) (appeal of right for sentence that is contrary to law), (G)(2)(b) (providing standard of review and adding: "The appellate court's standard for review is not whether the sentencing court abused its discretion."). *See also State v. Wellington*, 7th Dist. No. 14MA115, 2015-Ohio-1359 (rejecting abuse of discretion review). Even if the test were abuse of discretion, the court's weighing of the purposes and principles of sentencing against the policy of avoiding an unnecessary burden on government resources and the court's weighing of the factors were not unreasonable here.

**{¶39}** For the foregoing reasons, Appellant's sentence is upheld.

Donofrio, P.J., concurs.

Waite, J., concurs.