[Cite as *State v. Yoakem*, 2016-Ohio-745.]

STATE OF OHIO )  IN THE COURT OF APPEALS
)ss:  NINTH JUDICIAL DISTRICT
COUNTY OF WAYNE )

| | |
|---|---|
| STATE OF OHIO | C.A. No. 14AP0016 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DAVID L. YOAKEM | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellant | CASE No. 13-CR-0270 |

DECISION AND JOURNAL ENTRY

Dated: February 29, 2016

CARR, Presiding Judge.

{¶1}  Appellant David Yoakem appeals his conviction in the Wayne County Court of Common Pleas.  This Court affirms.

I.

{¶2}  Yoakem was indicted in case number 13-CR-0270 on multiple drug-related offenses, including aggravated possession of drugs (methamphetamine), illegal manufacture of drugs (methamphetamine), illegal assembly or possession of chemicals for the manufacture of drugs (methamphetamine), possession of heroin, possessing criminal tools (to commit manufacturing of drugs), illegal use or possession of drug paraphernalia, and possession of drugs (clonazepam).  Numerous other drug-related offenses remained pending for Yoakem in case number 13-CR-0051, not having previously been disposed due to his absence from the jurisdiction.  In addition, Yoakem was later charged with seven drug-related counts in case number 14-CR-0024.

{¶3} Case number 13-CR-0270 was tried to a jury after the State dismissed the count of possession of heroin. The jury found Yoakem guilty of aggravated possession of methamphetamine exceeding 150 grams, possessing criminal tools intended for use in the manufacturing of methamphetamine, and illegal use or possession of drug paraphernalia. The jury found Yoakem not guilty of the remaining three charges. The matter proceeded to a joint change of plea hearing in case number 14-CR-0024, and a sentencing hearing in both case number 13-CR-0270 and the 2014 case. Yoakem pleaded guilty in case number 14-CR-0024 to one count of illegal assembly/possession of chemicals and one count of possession of heroin. At sentencing for the 2013 charges, the trial court merged the paraphernalia count into the criminal tools count before imposing a 7-year prison term for aggravated possession and a 12-month term for criminal tools, with such terms be served concurrently. Yoakem appealed and raises two assignments of error for review.

II.

### ASSIGNMENT OF ERROR I

[YOAKEM'S] CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT
OF THE EVIDENCE AND NOT SUPPORTED BY SUFFICIENT EVIDENCE.

{¶4} Yoakem argues that his convictions are not supported by sufficient evidence and are against the manifest weight of the evidence. This Court disagrees.

{¶5} Yoakem was convicted of aggravated possession of methamphetamine, a felony of the first degree, in violation of R.C. 2925.11(A) which states: "No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog."

> A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist. When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a

person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact.

R.C. 2901.22(B).

{¶6} "Possess" means "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K). "Possession of a drug includes possessing individually or jointly with another person. Joint possession exists when two or more persons together have the ability to control an object, exclusive of others." *State v. Figueroa*, 9th Dist. Summit No. 22208, 2005-Ohio-1132, ¶ 8, quoting *State v. Alicea*, 8th Dist. Cuyahoga No. 78940, 2001 WL 1243944 (Oct. 18, 2001).

{¶7} R.C. 3719.01(C) states that "[c]ontrolled substance means a drug, compound, mixture, preparation, or substance included in schedule I, II, III, IV or V." The controlled substance in this case was methamphetamine. Methamphetamine is classified as a Schedule II controlled substance and a stimulant under R.C. 3719.41, Schedule II (C)(2). R.C. 2925.11(C)(1)(d) states that "[i]f the amount of the drug involved equals or exceeds fifty times the bulk amount but is less than one hundred times the bulk amount, aggravated possession of drugs is a felony of the first degree[.]" R.C. 2925.01(D)(1)(g) defines "bulk amount" as "[a]n amount equal to or exceeding three grams of a compound, mixture, preparation, or substance that is or contains any amount of a schedule II stimulant * * * that is not in a final dosage form manufactured by a person authorized by the Federal Food, Drug, and Cosmetic Act and the federal drug abuse control laws."

{¶8} Yoakem was also convicted of possessing criminal tools in violation of R.C. 2923.24(A) which states that "[n]o person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally." "A person acts

purposely when it is the person's specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is the offender's specific intention to engage in conduct of that nature." R.C. 2901.22(A). Pursuant to R.C. 2923.24(B):

> Each of the following constitutes prima-facie evidence of criminal purpose:
>
> * * *
>
> (2) Possession or control of any substance, device, instrument, or article designed or specially adapted for criminal use;
>
> (3) Possession or control of any substance, device, instrument, or article commonly used for criminal purposes, under circumstances indicating the item is intended for criminal use.

**{¶9}** In addition, Yoakem was convicted of illegal use or possession of drug paraphernalia in violation of R.C. 2925.14(C)(1) which states that "* * * no person shall knowingly use, or possess with purpose to use, drug paraphernalia." R.C. 2925.14(A) contains a non-exhaustive list of items which may constitute "drug paraphernalia," but is generally defined as "any equipment, product, or material of any kind that is used by the offender, intended by the offender for use, or designed for use, in propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, concealing, injecting, ingesting, inhaling, or otherwise introducing into the human body, a controlled substance in violation of this chapter."

Sufficiency of the evidence

**{¶10}** "Raising the question of whether the evidence is legally sufficient to support the jury verdict as a matter of law invokes a due process concern." *State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, ¶ 113, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In reviewing a challenge to the sufficiency of the evidence, "the relevant inquiry is whether, after

viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Diar* at ¶ 113, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307 (1979).

{¶11} Reviewing the evidence in a light most favorable to the State, this Court concludes that any rational trier of fact could have found that the essential elements of the charges of aggravated possession of methamphetamine, possessing criminal tools, and illegal use or possession of drug paraphernalia were proved beyond a reasonable doubt. *See Jenks*, 61 Ohio St.3d 259, at paragraph two of the syllabus.

{¶12} There was evidence that Yoakem was living at the camper on Fox Lake Road on August 24, 2013. He was found hiding inside the camper when law enforcement attempted to serve him with an outstanding warrant. Two witnesses testified that Yoakem supplied them with methamphetamine that he made in the camper. The State presented evidence that numerous substances, instruments, equipment, and other items used to manufacture methamphetamine were found in Yoakem's camper the day that a confidential informant reported that Yoakem would be cooking methamphetamine there. Over 220 grams of a mixture, preparation, or other substance (more than the 150 grams necessary to constitute 50 times bulk amount) containing methamphetamine was found in a jar inside the camper. Accordingly, the State presented sufficient evidence to establish all three of the crimes charged.

Manifest weight

> In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986).

> Weight of the evidence concerns the tendency of a greater amount of credible evidence to support one side of the issue more than the other. *Thompkins*, 78 Ohio St.3d at 387. Further when reversing a conviction on the basis that it was against the manifest weight of the evidence, an appellate court sits as a "thirteenth juror," and disagrees with the factfinder's resolution of the conflicting testimony. *Id*.

*State v. Tucker*, 9th Dist. Medina No. 06CA0035-M, 2006-Ohio-6914, ¶ 5.

{¶13} This discretionary power should be exercised only in exceptional cases where the evidence presented weighs heavily in favor of the defendant and against conviction. *Thompkins*, 78 Ohio St.3d at 387.

{¶14} Yoakem presented the testimony of eight witnesses in addition to testifying in his own defense.

{¶15} This Court will not overturn the trial court's verdict on a manifest weight of the evidence challenge only because the trier of fact chose to believe certain witness' testimony over the testimony of others. *State v. Crowe*, 9th Dist. Medina No. 04CA0098-M, 2005-Ohio-4082, ¶ 22.

{¶16} A thorough review of the record indicates that this is not the exceptional case where the evidence weighs heavily in favor of Yoakem. The weight of the evidence supports the conclusion that Yoakem possessed methamphetamine in an amount exceeding 50 times the bulk amount. Although he claimed to have moved out of the camper prior to August 24, 2013, the evidence indicated that he still used the camper, maintained his belongings there, and returned there frequently even if he may have been sleeping on a friend's couch for a few weeks. He testified that he refused to allow a friend to stay at the camper in his absence, and there was no evidence that anyone else asked to stay there. Although Yoakem claimed that someone had broken into the camper, he did not report the incident to the police, but rather brought his

girlfriend, her tiny dog, and some personal items with him to investigate the situation. After law enforcement arrived at the camper to serve outstanding warrants, Yoakem still did not attempt to report a break in. Neither Deputy Brumme nor Agent Hall could remember any broken locks on the camper doors. Accordingly, it was reasonable for the trier of fact to believe that Yoakem still possessed and exerted control over everything found in the camper.

{¶17} Included among the items found in and around the camper were numerous substances and devices (such as chemicals, tubing, and blister packs that had held pseudoephedrine) that could be used to manufacture and supply methamphetamine. Several witnesses testified that Yoakem made and supplied them with the drug. In addition, the evidence indicated that Yoakem possessed equipment and materials (such as chemicals, bottles, tubing, and a scale) he intended to use or were designed for use in manufacturing or preparing methamphetamine for sale or barter. The mason jar found among Yoakem's belongings contained over 220 grams (over 50 times the bulk amount) of liquid mixture containing methamphetamine. Accordingly, Yoakem's convictions for aggravated possession of methamphetamine, possessing criminal tools, and illegal use or possession of drug paraphernalia are not against the manifest weight of the evidence. The first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY TAKING INTO CONSIDERATION ADDITIONAL CHARGES NOT FOUND BY THE JURY WHEN SENTENCING [YOAKEM].

{¶18} Yoakem argues that the trial court erred by sentencing him based on its belief that he was guilty of manufacturing methamphetamine even though the jury found him not guilty of that charge. This Court disagrees.

{¶19} Immediately prior to sentencing on the three charges on which the jury found Yoakem guilty, Yoakem pleaded guilty to two other charges in another case in exchange for the State dismissing the remaining five charges. Specifically, Yoakem pleaded guilty to possession of heroin and illegal assembly and possession of chemicals to manufacture methamphetamine. The trial court then sentenced Yoakem on all five charges. Yoakem argues that the trial court erred by indicating its belief that he was guilty of manufacturing methamphetamine when determining his sentence.

{¶20} This Court recently reiterated the well-established rule that "a sentencing judge may take into account facts introduced at trial relating to other charges, even ones of which the defendant has been acquitted[,]" as long as facts such as not guilty verdicts do not form the sole basis for the sentence. *State v. Mavrakis*, 9th Dist. Summit No. 27457, 2015-Ohio-4902, ¶ 42, quoting *State v. Wiles*, 59 Ohio St.3d 71, 78 (1991); *see also State v. D'Amico*, 9th Dist. Summit No. 27258, 2015-Ohio-278, ¶ 6. Moreover, where a defendant has pleaded guilty to a lesser crime than originally charged as part of a plea bargain, "the trial court is permitted to consider the original charge when sentencing." *State v. Dari*, 8th Dist. Cuyahoga No. 99367, 2013-Ohio-4189, ¶ 15. Accordingly, the sentencing court is free to consider the underlying facts when considering what sentence would be appropriate where the defendant has entered a plea to a lesser charge. *Dari* at ¶ 17; *see also State v. Bowser*, 186 Ohio App.3d 162, 2010-Ohio-951, ¶ 17 (2d Dist.) (court may consider underlying facts in imposing sentence where defendant pleaded guilty to unindicted charge as part of plea bargain), citing *State v. Mayor*, 7th Dist. Mahoning No. 07 MA 177, 2008-Ohio-7011, ¶ 17 ("the sentencing court can consider the circumstances of the offense for which the defendant was indicted, even if he negotiated a plea at odds with the indicted elements").

{¶21} In considering the appropriate sentence to impose on the five charges, the trial court informed Yoakem:

> I've also considered to a lesser extent, but I think the court has the right to take it into account, you testified on Friday in the trial that you've never made meth[amphetamine] in your life and the court believes that's a whopper of the first degree, that that's not true, it's a lie, * * *.

{¶22} The trial court did not rely solely on its belief that Yoakem had previously engaged in the manufacture of methamphetamine in imposing sentence, however. It expressly stated that it was considering Yoakem's criminal history and age, especially as those matters provided insight into whether Yoakem might "repeat any of this conduct in the future[.]" The court noted the defendant's ongoing involvement in "committing serious criminal offenses[,]" the fact that he committed the most recent drug related crimes while out on bond for other drug related crimes, Yoakem's lack of remorse, and the extreme "danger of the substances" involved to the community. Accordingly, Yoakem's not guilty verdict on the charge of manufacture of methamphetamine did not constitute the trial court's sole basis for the sentence it imposed.

{¶23} In addition, prior to accepting Yoakem's guilty plea on the two charges including illegal assembly and possession of chemicals for the manufacture of methamphetamine, the State recited the underlying facts. Specifically, police were called to a scene where Yoakem, Taryn Chojnowski, and another person were observed to have stolen items from a convenience store. After apprehending the trio, law enforcement found chemicals and other items (lye, coffee filters, pseudoephedrine, and lithium batteries) used to manufacture methamphetamine in Yoakem's car. Moreover, the trial court allowed both the State and defense counsel to make additional statements for the court's consideration prior to sentencing.

{¶24} "The evidence the court may consider is not confined to the evidence that strictly relates to the conviction offense because the court is no longer concerned, like it was during trial,

with the narrow issue of guilt." *Bowser* at ¶ 14. In this case, in determining the appropriate sentence to impose relevant to multiple drug related charges, four of which involved either (1) the assembly or possession of chemicals, equipment, and other items used to manufacture methamphetamine, or (2) the possession of methamphetamine in a form midway through the manufacturing process, the court properly considered Yoakem's involvement in manufacturing the drug notwithstanding his not guilty verdict. Multiple witnesses at trial testified that Yoakem made and supplied them or others with methamphetamine. The items he both pleaded guilty to assembling and possessing and was found guilty of possessing were specific to use in manufacturing methamphetamine. The sentencing court's statements demonstrate merely that it was considering the serious nature of the offenses, the danger associated with his conduct, and his lack of remorse as evidenced by his ongoing and repeated similar behavior. Accordingly, the sentencing court committed no impropriety. *See Dari* at ¶ 18. Yoakem's second assignment of error is overruled.

## III.

{¶25} Yoakem's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR.

APPEARANCES:

CHRISTINA I. REIHELD, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney for Appellee.