[Cite as *State v. Harrigan*, 2018-Ohio-3836.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

DONALD WAYNE HARRIGAN,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 17 BE 0025.**

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 17 CR 5.

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed in Part/Reversed in Part.  Sentence modified.

---

*Atty. J. Flanagan*, Chief Assistant Prosecutor, Courthouse Annex 1, 147-A West Main Street, St. Clairsville, Ohio 43950 for Plaintiff-Appellee, and

*Atty. Jeremy Masters*, Assistant Public Defender, Office of the Ohio Public Defender, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215, for Defendant-Appellant.
Dated:
September 21, 2018

**Donofrio, J.**

{¶1} Defendant-appellant, Donald Harrigan, appeals from a Belmont County Common Pleas Court judgment sentencing him to a total of 132 years in prison after a jury convicted him of robbery, four counts of kidnapping, and eight repeat-violent offender specifications.

{¶2} This matter stems from the robbery of Tom's Carryout on December 6, 2016. On that day, a man in a blue and tan ski mask entered the store, pointed a gun at the clerks, and demanded money. The man also waived the gun at four customers and told them to move out of his way. The clerks gave the man money and he left.

{¶3} Within minutes, police found appellant nearby with a ski mask by his feet that matched the description given by one of the clerks. As police were walking appellant to the police cruiser, a pistol fell from his clothing. The pistol turned out to be a non-working replica. Police also found $1,305 in cash in appellant's pockets.

{¶4} On February 2, 2017, a Belmont County Grand Jury indicted appellant on one count of robbery, a second-degree felony in violation of R.C. 2911.02(A)(2), and four counts of kidnapping, first-degree felonies in violation of R.C. 2905.01(A)(2). In addition, attached to each of the five counts were two repeat violent offender (RVO) specifications pursuant to R.C. 2941.149. The first RVO specification attached to each count stated that appellant was a repeat violent offender due to his previous conviction for felonious assault in case number 84-CR-105. The second RVO specification attached to each count stated that appellant was a repeat violent offender due to his previous conviction for felonious assault in case number 96-CR-191.

{¶5} The matter proceeded to a jury trial. The jury returned guilty verdicts on all counts. The trial court subsequently sentenced appellant to eight years on the robbery count and eleven years on each of the four kidnapping counts to be served consecutively for a total of 52 years in prison. Additionally, the court sentenced appellant to ten years on each of the eight RVO specifications accompanying the kidnapping counts (two specifications on each of the four counts) to be served consecutive to each other and consecutive to the other sentences. The court found

appellant was not subject to an RVO specification on the robbery count. Thus, the trial court imposed a 132-year total sentence on appellant.

{¶6} Appellant filed a timely notice of appeal on June 7, 2017. He now raises two assignments of error.

{¶7} Appellant's first assignment of error states:

THE TRIAL COURT ERRED WHEN IT SENTENCED MR. HARRIGAN TO MULTIPLE, CONSECUTIVE REPEAT VIOLENT OFFENDER SPECIFICATION SENTENCES ATTACHED TO INDIVIDUAL COUNTS BASED ON MULTIPLE PREVIOUS CONVICTIONS FOR QUALIFYING FELONIES.

{¶8} R.C. 2929.01(CC) defines a "repeat violent offender" as a person about whom both of the following apply:

(1) The person is being sentenced for committing or for complicity in committing any of the following:

(a) Aggravated murder, murder, any felony of the first or second degree that is an offense of violence, or an attempt to commit any of these offenses if the attempt is a felony of the first or second degree;

* * *

(2) The person previously was convicted of or pleaded guilty to an offense described in division (CC)(1)(a) or (b) of this section.

{¶9} Appellant argues that the trial court was without authority to sentence him on two RVO specifications per count of kidnapping. Appellant asserts that nothing in R.C. 2929.14(B)(2)(a), which governs the imposition of RVO specifications, describes or authorizes the imposition of multiple RVO specifications for a single underlying offense based on the number of qualifying convictions. Thus, he contends one RVO specification sentence per kidnapping count (four specifications in all) is contrary to law and must be vacated.

{¶10} Plaintiff-appellee, the State of Ohio, relies on *State v. Krug*, 11th Dist. No. 2008-L-085, 2009-Ohio-3815. In that case, after the merger of two felonious assault counts with two other counts, Krug was ultimately convicted of two counts of felonious assault and one count of carrying concealed weapons. Each of the felonious assault convictions carried a single RVO specification. The trial court sentenced Krug to eight years on each of the felonious assault counts and 18 months for the carrying a concealed weapon count, to be served consecutively. The court then imposed an additional prison term of ten years for the RVO specification on the first felonious assault count and another ten-year term for the RVO specification on the second felonious assault count. The sentences for the RVO specifications were to run consecutive to each other and to the sentences for the underlying offenses. Thus, Krug's total prison term was 37 years. Krug appealed.

{¶11} On appeal, Krug challenged the trial court's imposition of the two consecutive ten-year prison terms for the RVO specifications on various grounds. Relevant to the case at bar, Krug argued the sentencing statute does not authorize multiple consecutive terms for the same prior offenses. *Id.* at ¶ 173. The court found that while the statute "only authorizes a single prison term for each RVO specification, nothing in the statute limits the number of specifications when, as in the instant case, the offender is charged with multiple counts of underlying offenses." *Id.* at ¶ 174.

{¶12} The state now urges us to apply *Krug* to uphold appellant's sentence in this case.

{¶13} *Krug*, however, is distinguishable. Krug was convicted of, and sentenced for, two counts of felonious assault. Each count of felonious assault carried a single RVO specification. Thus, the trial court only imposed a single RVO sentence to accompany each underlying offense. It did not impose multiple RVO sentences to accompany each offense as is the case here.

{¶14} Moreover, a careful reading of the sentencing statute resolves this issue in appellant's favor.

{¶15} R.C. 2929.14(B)(2) addresses sentencing for RVO specifications. It contains sub-sections for mandatory RVO sentencing (R.C. 2929.14(B)(2)(b)) and discretionary RVO sentencing (R.C. 2929.14(B)(2)(a)).

**{¶16}** Pursuant to the mandatory provision:

(b) The court shall impose on an offender the longest prison term authorized or required for the offense and shall impose on the offender *an* additional definite prison term of one, two, three, four, five, six, seven, eight, nine, or ten years if all of the following criteria are met:

(i) The offender is convicted of or pleads guilty to * * * [an RVO specification].

(ii) *The offender within the preceding twenty years has been convicted of or pleaded guilty to three or more offenses* described in division (CC)(1) of section 2929.01 of the Revised Code, including all offenses described in that division of which the offender is convicted or to which the offender pleads guilty in the current prosecution and all offenses described in that division of which the offender previously has been convicted or to which the offender previously pleaded guilty, whether prosecuted together or separately.

(iii) The offense or offenses of which the offender currently is convicted or to which the offender currently pleads guilty is * * * any felony of the first degree that is an offense of violence and the court does not impose a sentence of life imprisonment without parole * * *.

(Emphasis added); R.C. 2929.14(B)(2)(b).

**{¶17}** Thus, pursuant to the mandatory RVO sub-section, a sentencing court must impose on an offender "an" additional RVO prison term of one to ten years when the offender has been convicted of three or more offenses of violence within the preceding 20 years and the offender has met the additional statutory criteria. For example, if the offender has been convicted of felonious assault on three separate occasions in the preceding 20 years and meets the other criteria, the court must sentence him to "an additional definite prison term of one, two, three, four, five, six, seven, eight, nine, or ten years." R.C. 2929.14(B)(2)(b).

{¶18} Keeping this in mind, we turn to the discretionary sub-section, which provides:

(2)(a) If division (B)(2)(b) of this section does not apply, the court may impose on an offender, in addition to the longest prison term authorized or required for the offense, *an* additional definite prison term of one, two, three, four, five, six, seven, eight, nine, or ten years if all of the following criteria are met:

(i) The offender is convicted of or pleads guilty to * * * [an RVO specification].

(ii) The offense of which the offender currently is convicted or to which the offender currently pleads guilty is * * * any felony of the first degree that is an offense of violence and the court does not impose a sentence of life imprisonment without parole * * *.

(iii) The court imposes the longest prison term for the offense that is not life imprisonment without parole.

(iv) The court finds that the prison terms imposed pursuant to division (B)(2)(a)(iii) of this section and, if applicable, division (B)(1) or (3) of this section are inadequate to punish the offender and protect the public from future crime * * *.

(v) The court finds that the prison terms imposed pursuant to division (B)(2)(a)(iii) of this section and, if applicable, division (B)(1) or (3) of this section are demeaning to the seriousness of the offense * * *.

(Emphasis added); R.C. 2929.14(B)(2)(a).

{¶19} Thus, pursuant to the discretionary RVO sub-section, a sentencing court may impose on an offender "an" additional RVO prison term of one to ten years if the offender has met the statutory criteria.

{¶20} The use of the word "an" in both sub-sections indicates the Legislature's intent to limit an RVO specification sentence to one sentence per new offense.

Case No. 17 BE 0025

Additionally, it would be unreasonable to assume that a repeat violent offender who had been convicted of three offenses of violence in the preceding 20 years could only be sentenced on one RVO specification per new offense while a repeat violent offender who had been convicted of two offenses of violence could be sentenced on two or more RVO specifications per new offense.

{¶21} Based on the above, we conclude that the trial court erred in sentencing appellant to two separate RVO sentences on each of the four kidnapping counts. Pursuant to R.C. 2929.14(B)(2), the court should have only imposed one RVO specification sentence for each new offense. Thus, we must vacate four of appellant's ten-year RVO specification sentences (eliminating one RVO specification sentence from each count and leaving one RVO specification sentence on each count). Doing so reduces appellant's sentence by 40 years.

{¶22} Accordingly, appellant's first assignment of error has merit and is sustained.

{¶23} Appellant's second assignment of error states:

MR. HARRIGAN'S 132-YEAR SENTENCE FOR A CONVENIENCE-STORE ROBBERY, WITH A REPLICA PISTOL, LASTING LESS THAN TWO MINUTES, IS CLEARLY AND CONVINCINGLY NOT SUPPORTED BY THE RECORD.

{¶24} Here appellant contends that even if we vacate the four, ten-year sentences on the duplicative RVO specifications, the remaining 92 year-sentence is nonetheless not supported by the record. He points out that he was convicted of robbing a convenience store with a replica pistol. He claims he merely told the customers to stand to the side during the robbery and the entire incident lasted only approximately 90 seconds. He notes that he did not physically harm anyone. He argues this was not the worst form of the offense as the trial court found.

{¶25} Appellant argues that none of the statutory "more serious" factors apply here. And he states that one of the "less serious" factors does apply, that being that he did not cause or expect to cause physical harm to any person or property. R.C. 2929.12(C)(3). Appellant asserts that the court simply considered his criminal history in

meting out his sentence without considering R.C. 2929.12's more serious and less serious factors. He further argues that the facts of this case do not support maximum, consecutive sentences. He claims that, prior to trial, the state offered him a plea deal that included a 12-year sentence. He requests that this court modify his sentence in light of his conduct in this case.

**{¶26}** When reviewing a felony sentence, an appellate court must uphold the sentence unless the evidence clearly and convincingly does not support the trial court's findings under the applicable sentencing statutes or the sentence is otherwise contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

**{¶27}** Appellant was convicted of four first-degree felonies and one second-degree felony. The possible prison terms for a first-degree felony are three, four, five, six, seven, eight, nine, ten, or eleven years. R.C. 2929.14(A)(1). The trial court sentenced appellant to eleven years on each of the first-degree felonies. The possible prison terms for a second-degree felony are two, three, four, five, six, seven, or eight years. R.C. 2929.14(A)(2). The trial court sentenced appellant to eight years on the second-degree felony. Thus, each of the felony sentences was within the applicable statutory range. Moreover, as discussed above, the trial court sentenced appellant to ten years on each of the RVO specifications. Once we vacate four of the eight specification sentences, the remaining specification sentences are within the applicable statutory range.

**{¶28}** In sentencing a felony offender, the court must consider the overriding principles and purposes set out in R.C. 2929.11, which are to protect the public from future crime by the offender and others and to punish the offender. The trial court shall also consider various seriousness and recidivism factors as set out in R.C. 2929.12. "[N]either R.C. 2929.11 nor R.C. 2929.12 requires the sentencing court to make specific findings regarding the purposes and principles of sentencing, or seriousness and recidivism factors at the sentencing hearing or in the sentencing judgment entry." *State v. Taylor*, 7th Dist. No. 15 MA 0078, 2016-Ohio-1065, ¶ 14, citing *State v. Henry*, 7th Dist. No. 14 BE 40, 2015-Ohio-4145, ¶ 22, *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31, and *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000).

{¶29} In sentencing appellant, the trial court made the following findings. Appellant has two prior felony convictions for felonious assault; a felony conviction for breaking and entering; four misdemeanor convictions for driving under the influence; and misdemeanor convictions for driving under suspension, "hit/skip," and failure to control. (Sen. Tr. 6-7). Upon being arrested in this case, appellant threatened the lives of the arresting officer and the former mayor. (Sen. Tr. 7). Appellant has a "hit list" of people he wants to kill. (Sen. Tr. 7). Appellant's victims suffered either actual harm or the threat of psychological and/or economic harm. (Sen. Tr. 7). Appellant has not responded to previous sanctions. (Sen. Tr. 7). Appellant has a history of drug and alcohol abuse and has never sought available treatment or counseling. (Sen. Tr. 7-8). Appellant expressed no remorse and he attempted to excuse his conduct by claiming he was drunk. (Sen. Tr. 8). Although the gun used was inoperable, the victims did not know that at the time. (Sen. Tr. 8).

{¶30} Thus, even though the trial court was not required to make findings in support of its sentence, it gave numerous reasons for imposing the sentence that it did. And it considered many more factors than simply appellant's criminal history as he alleges.

{¶31} Next, we note the trial court sentenced appellant to maximum sentences. The trial court was not required to make any special findings before sentencing appellant to maximum sentences. *State v. Riley*, 7th Dist. No. 13 MA 180, 2015-Ohio-94, ¶ 34.

{¶32} Finally, we consider the consecutive nature of appellant's sentences.

{¶33} R.C. 2929.14(C)(4) requires a trial court to make specific findings when imposing consecutive sentences:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

Case No. 17 BE 0025

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶34}** It has been held that although the trial court is not required to recite the statute verbatim or utter "magic" or "talismanic" words, there must be an indication that the court found (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger posed to the public, and (3) one of the findings described in R.C. 2929.14(C)(4)(a), (b), or (c). *State v. Bellard*, 7th Dist. No. 12-MA-97, 2013-Ohio-2956, ¶ 17. However, the court need not give its reasons for making those findings. *State v. Power*, 7th Dist. No. 12 CO 14, 2013-Ohio-4254, ¶ 38.

**{¶35}** The transcript of the sentencing hearing must make it "clear from the record that the trial court engaged in the appropriate analysis." *State v. Hill*, 7th Dist. No. 13 CA 82, 2014-Ohio-1965, ¶ 27.

**{¶36}** In this case, the trial court made each of the required findings at the sentencing hearing. First, the court found consecutive prison terms were necessary to "protect the public and punish [appellant]." (Sen. Tr. 9). Second, the court found that consecutive prison terms were "not disproportionate with [appellant's] conduct." (Sen. Tr. 9). And third, the court found that appellant's "criminal history shows that consecutive terms are needed to protect the public." (Sen. Tr. 9). Hence, the court

specifically made each of the consecutive sentencing findings on the record prior to sentencing appellant. The trial court reiterated these findings in the sentencing judgment entry.

**{¶37}** In sum, there is no indication that appellant's sentence is contrary to law.

**{¶38}** Accordingly, appellant's second assignment of error is without merit and is overruled.

**{¶39}** For the reasons stated above, the trial court's judgment is hereby reversed as to the imposition of four of the eight RVO specification sentences. We accordingly modify appellant's sentence to 92 years total.

Waite, J., concurs
Robb, P. J., concurs

Case No. 17 BE 0025

---

For the reasons stated in the Opinion rendered herein, the first assignment of error has merit and is sustained. The second assignment of error is without merit and is overruled. It is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is hereby reversed as to the imposition of four of the eight RVO specification sentences. It is affirmed in all other respects. We accordingly modify appellant's sentence to 92 years total. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**